CASE 47—PETITION EQUITY—NOVEMBER 24.

# Hall v. Hall.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. DIVORCE—RESIDENCE OF WIFE—JURISDICTION—STATUTORY CON-
STRUCTION.—In an action by a wife for divorce on the statutory
ground that she and her husband had lived separate and apart
without co-habitation for five consecutive years, the habitation
of the wife in the meaning of the statute, as contra-distinguished
from her legal domicile with her husband, is regarded as her
residence for the purposes of jurisdiction.

J. G. WOOLFOLK FOR APPELLANT.

1. The living separate and apart without co-habitation for five
consecutive years next before the application for divorce entitles
either party who has been during that time a resident of this
State to a divorce, whether in fault or not. Beckett v. Beckett,
17 B. M., 370.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The parties to this action were married in Woodford
county, Ky., in 1884, and shortly thereafter moved to Cal-
ifornia where they resided until 1890, when the plaintiff,
Sallie Hall, returned to Kentucky, where her family lived,
but left her husband in California, where he then and now
resides.   She seems to have abandoned her husband and
returned to Kentucky to make it her residence, where she
has since continuously resided.   The ground which she al-
leges for a divorce from the bonds of matrimony, is that she
and the defendant have lived separately and apart, without
any co-habitation for five consecutive years next before the
commencement of the action.   Her actual residence is in
Kentucky and the grounds for a divorce are abundantly
proven.

The court dismissed the petition, but the reasons therefor do not appear. It is certain that the ground for divorce occurred and existed in this State, as she does not ask for a divorce on grounds other than the one stated.

In Becket v. Becket (17 B. Monroe, 372), it appeared that the parties were married in Ireland and the husband abandoned the wife and emigrated to America. Two grounds for a divorce were alleged, abandonment, and living separately and apart for five consecutive years without co-habitation. The divorce was refused, as the abandonment occurred in Ireland, and when the parties were not residents of the State. The other ground was not held sufficient, because the plaintiff had not lived in the State during the time the separation continued; but the court said, "according to the statute, the living separately and apart without co-habitation for the space of five consecutive years, next before the application for a divorce, entitles either party who has been during that time a resident of this State to a divorce whether in fault or not." This case is an authority to sustain the plaintiff's right to a divorce. It does not appear in that case that the husband was a resident of Kentucky, but it appears that the last time that the wife had seen him was in the State of Indiana. The court below must have concluded that the State of California was "in judgment of law," the domicile of the plaintiff, because the husband was domiciled in that State.

This would seem to be the proper view according to Maguire v. Maguire (7 Dana, 187). In that case the husband was domiciled in another State and the wife, who brought the suit, was found not to have become permanently or in good faith a resident of this State.

In Tipton v. Tipton (87 Ky., 246), it was held that the pro-
visions of the Code which required a plaintiff in an action
for divorce to allege and prove a residence in the State for
one year before the commencement of the action, means he
shall allege and prove an actual residence.

In Perzel v. Perzel (91 Ky., 634), the husband was never
domiciled in Kentucky, neither did he ever have an actual
residence in this State. He seems to have been in New York
until he departed for France when the wife came to Ken-
tucky to live with her mother. The court held her residence
was in Kentucky. If the domicile of the husband is to fix
the residence of the wife in the meaning of the statute, it
would seem that Mrs. Perzel's residence was not in Kentucky
because the husband did not nor had he ever lived in the
State. While it may appear that the court attached some
importance to the fact that the husband had departed from
the place of his domicile to France, still the case was neces-
sarily decided for Mrs. Perzel because she had been an actual
resident of the State for the time required by the statute.

The plaintiff did not come to Kentucky to establish a resi-
dence in order to maintain an action for divorce, but did so
with a view of becoming permanently a resident of the
State. She has shown that she is an actual resident of the
State and has become so in good faith, and in our opinion
that is all that the statute required of her, in order to main-
tain an action for divorce.

In the meaning of the statute the habitation of the wife
as contradistinguished from her legal domicile with her
husband should be regarded as her residence.

The judgment is reversed for proceedings consistent with
this opinion.