## Smith v. Davis, Judge of Harlan Circuit Court.

(Decided May 25, 1916.)

Petition for writ of prohibition in Court of Appeals.

1. Divorce—Residence of Wife.—Under section 2120 of the Kentucky Statutes an action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the State; if not, then in the county of the husband's residence; and under this statute the venue of the action is in the county of the wife's residence when the husband and wife have separated or there has been an abandonment of one by the other and the wife has acquired a residence in a county other than that in which the husband resides. If there has been no separation or abandonment, the venue of the action is in the county in which the husband resides and the court of that county has jurisdiction of an action for divorce brought by him.

2. Divorce—Residence of Wife.—Where a husband and wife each had for many years an actual residence in Harlan county, and in 1912 the husband, for the purpose of educating his children, purchased a residence in Boyle County, to which his wife and children removed while he continued his residence in Harlan County, the Harlan Circuit Court had jurisdiction of an action for divorce, on the ground of adultery, brought by the husband, it appearing that at the time the suit was commenced they had not separated or either one of them abandoned the other.

3. Divorce—Residence of Wife.—The residence of the husband, if he has one in this State, is the residence of the wife, unless she abandons him and takes up her residence in some other county.

METCALF & JEFFRIES, HENRY JACKSON, JOHN W. RAWLINGS and CLAY & CARTER for the petitioner.

J. S. FORESTER for the respondent.

OPINION OF THE COURT BY JUDGE CARROLL—Denying writ.

In February, 1916, W. H. H. Smith filed in the Harlan circuit court his petition in equity against his wife, Sarah Smith, asking a divorce from her upon the ground that she had been guilty of adultery. The petition was in the usual statutory form, and averred that the plaintiff and defendant were both residents of Harlan county and had resided continuously in that county for more than one year next before the commencement of the action. Summons on this petition against the defendant was issued to Boyle county, Kentucky, and executed in that county on the defendant, Sarah Smith.

At the appearance term of the Harlan circuit court, Sarah Smith, without entering her appearance to the action, filed a pleading in the nature of a special demurrer to the jurisdiction of the Harlan circuit court, basing her objection to the jurisdiction on the ground that she was at the time of the institution of the action and when her special demurrer was filed, and had been continuously from August, 1912, an actual resident of Boyle county, Kentucky. She also set up in her demurrer that the averment in the petition, that at the time it was filed she resided and for more than one year theretofore had continuously resided in Harlan county, was false and was fraudulently made for the purpose of conferring jurisdiction upon the Harlan circuit court. In support of the demurrer she filed the affidavits of several persons stating that she was a resident of Boyle county, Kentucky, and had resided in that county continuously for about three years.

Answering the matter set up in the special demurrer, the plaintiff, W. H. H. Smith, averred that "he and the defendant never at any time separated as man and wife until after the institution of this suit; that his residence is and has all of his life been on a farm in Harlan county, Kentucky, and on account of that fact and for the reason that he and defendant had not separated until after the filing of the petition and the institution of this action, the legal residence of the defendant in contemplation of law was when he instituted this suit, in Harlan county, and at his home. He says that at all times since the defendant and their children have been at Danville in Boyle county he has furnished her and them their entire support; that the defendant went to Boyle county with their children for the temporary purpose only of looking after, caring for and being with their children while he was giving said children proper education at heavy expense in a good school."

In support of this answer he filed the depositions of a number of witnesses who testified that Smith, at the time of the institution of the suit and for many years prior thereto, had continuously been an actual resident of Harlan county.

Upon the issues raised by the special demurrer, the judge of the Harlan circuit court, on April 8, 1916, made and entered this order: "The court having heard and considered the special demurrer and answer to the juris-

diction of this court herein filed by the defendant, and being fully advised, overrules the said special demurrer and answer to the jurisdiction of this court, to which ruling of the court the defendant excepted at the time and still excepts.''

A few days after this order was entered Sarah Smith filed her petition in this court against the Hon. W. T. Davis, judge of the Harlan circuit court, asking that a writ of prohibition issue against him as judge to prohibit him from making any orders in or hearing or determining the divorce suit filed by W. H. H. Smith. The ground upon which the writ of prohibition is asked is that the Harlan circuit court had no jurisdiction of the action, because the defendant, Sarah Smith, was at the time it was filed a resident of Boyle county, and had been a resident of that county for about three years continuously theretofore, and so the Boyle county circuit court had exclusive jurisdiction of a suit for divorce against her.

For response to this petition the judge of the Harlan circuit court put in issue all the material averments of the petition.

Briefly it may be said that the record shows without contradiction that for many years prior to August, 1912, Smith and his wife each had an actual, continuous residence in Harlan county, in which county they had lived as man and wife, and raised quite a large family of children. That in August, 1912, Smith purchased in Danville a house, and his wife and children went from Harlan county to Danville for the purpose of educating the children, and the wife had an actual, continuous residence in this home in Danville, from August, 1912, until the petition for this writ of prohibition was filed in this court, and of course had such residence at the time the divorce suit was filed by Smith in the Harlan circuit court. That Smith, after his wife and children moved to Danville, continued to be an actual resident of Harlan county, Kentucky, and was such at the time the divorce suit was filed. That Smith and his wife, although they lived in different counties, had never separated as husband and wife, nor had either abandoned the other and they were at the time of the institution of the suit for divorce occupying towards each other the relation of husband and wife.

Upon these facts it is urged on behalf of the respondent that the writ should be denied upon the ground that as the parties had not separated or either one abandoned the other, the residence of the husband in Harlan county was the residence of the wife at the time of the institution of the action, and so the Harlan circuit court had jurisdiction.

It is provided in section 2120 of the Kentucky Statutes that an "action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the State; if not, then in the county of the husband's residence." And on behalf of the petitioner the argument is made that as under the admitted facts Mrs. Smith had at the time of the institution of the action, and continuously for some three years theretofore, an actual residence in Boyle county, the venue under the statute was in Boyle county and no where else.

In Tipton v. Tipton, 87 Ky. 243; Perzel v. Perzel, 91 Ky. 634; Hall v. Hall, 102 Ky. 297; Boreing v. Boreing, 114 Ky. 522; Cummings v. Cummings, 133 Ky. 1, and McClintock v. McClintock, 147 Ky. 409, this court has defined what constitutes a residence within the meaning of the statute and how such a residence may be acquired; but these cases have no application to the question here presented. If Mrs. Smith had for cause abandoned her husband and taken up an actual residence in Boyle county, there could be no question under the statute that a suit for divorce by her husband should have been brought in Boyle county; and so the jurisdiction would be in Boyle county if Smith had abandoned his wife and they were living apart, she in Boyle county and he in another county. But this is not the case we have. At the time of the institution of the suit neither of the parties had abandoned the other. Neither of them was living separate and apart from the other pursuant to any purpose or arrangement that contemplated either a temporary or permanent separation from the marital ties. It is true they resided in different counties and were separated in the sense that he resided in Harlan county and she resided in Boyle county. But this separation did not give to the wife a separate residence in Boyle county in the meaning of the statute. Her residence in contemplation of law continued to be at the

residence of her husband. His residence was her residence.

When the wife, under a mutual arrangement entered into between herself and her husband for reasons of convenience, and without any purpose on the part of either to sever either temporarily or permanently the marital relation, takes up her residence in another county from that in which the actual residence of the husband is and continues to be, the wife does not acquire, within the meaning of the statute, a residence in the county in which she happens to be. It was said in Johnson v. Johnson, 12 Bush 485, that "It is well settled that the domicile of the husband is the only legal domicile of the wife, and that she cannot change her domicile without his consent, but she may leave him and change her residence." But before her residence is changed she must have left him or he must have left her in contemplation of either a temporary or a permanent separation. The statute fixing the residence of the wife as the venue of the action was enacted, as said in the Johnson case, "to subserve the convenience and possibly the interest of the wife by making the jurisdiction local to that county in which she should, at the time of the commencement of the suit, have an actual residence." And so it has been uniformly ruled in the cases cited that when either party had abandoned the other, the venue of the action was in the county in which the wife resided at the time of the commencement of the action; but the character of residence contemplated by the statute must be preceded by separation with the purpose of terminating the marriage relation. Unless a separation or an abandonment of one by the other has actually occurred, the wife cannot have in the meaning of the law a residence separate from that of her husband. It would be a most anomalous condition of affairs and one at variance with the whole theory of the social and legal unity of the marriage relation if the wife should be treated as having a residence apart from her husband at every place where she happened to be for reasons of convenience or pleasure when her husband had an actual residence in this State and there had been no separation in contemplation of a severance of the marriage ties.

The writ is denied.