## Central of Georgia Railway Company v. Gordon, Judge.

(Decided May 28, 1918.)

### Response to Petition for Writ of Prohibition.

1. Prohibition—Control over Inferior Courts.—The authority of this court to exercise the power of control over inferior ones, as conferred by section 110 of the Constitution, will not be exercised except where the inferior court is proceeding in a matter without jurisdiction, or if within its jurisdiction and the circumstances are exceptional and unusual and its action would produce irreparable and injurious consequences and there is no other adequate remedy.

2. Prohibition—Appeal and Error—Remedies.—If the right of appeal exists it will be regarded as an adequate remedy, although upon reversal, because of improper service upon defendant, he will be before the court for all purposes of the action upon a return of the case.

EMMETT R. FIELD, TRABUE, DOOLAN & CRAWFORD for petitioner.

THOMAS C. MAPOTHER for respondent.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling the motion for a writ of prohibition and dismissing the petition.

This is an original proceeding in this court, wherein the petitioner, Central of Georgia Railway Company, seeks a writ of prohibition from this court restraining the respondent, Thomas R. Gordon, Judge of the Jefferson Circuit Court, Common Pleas Branch, Second Division, from taking jurisdiction of and further proceeding

in the case of P. M. Metcalfe against the petitioner pending in respondent's court. That suit is one brought by Metcalfe, the plaintiff therein, against the petitioner here to recover of it damages to the amount of $360.77 because of alleged negligence in the transportation of a car load of hogs from Bancroft, Georgia, to Louisville, Kentucky.

The petitioner and defendant in the Metcalfe suit is a Georgia corporation, and owns and operates a railroad in the states of Georgia, Alabama and Tennessee, but none in Kentucky. The shipment of hogs for Metcalfe was in interstate one with petitioner as the initial carrier and the Illinois Central Railroad Company as the delivering one. Under the Carmack amendment to the Interstate Commerce Act, the initial carrier is liable to the shipper for all damages growing out of negligence in the shipment, whether produced by its negligence or that of any intermediate or subsequent carrier. Upon this idea the Metcalfe suit was brought in Louisville and the summons served on one Allen W. Thomas, a traveling freight agent of the petitioner, with an office in the city of Louisville. Denying that Thomas was such an agent as would authorize the service of a summons upon him so as to give the court presided over by the respondent jurisdiction of the petitioner, a motion was made in that court to quash the return of the sheriff on the summons, which motion was supported by the affidavits of the vice president of the petitioner and of the alleged agent, Allen W. Thomas, each to the effect that the latter was nothing but a soliciting traveling agent with no authority to make any character of binding contract on behalf of petitioner and that he was not therefore such an agent as is contemplated by our Code for personal service upon a corporation. The motion to quash the return was overruled, followed by the filing of this petition in this court to obtain the relief mentioned.

It is insisted by counsel for petitioner that the provisions of section 110 of the Constitution, as interpreted and applied by numerous decisions from this court entitle them to the relief which they seek on behalf of their client because respondent erroneously overruled their motion to quash the return of the sheriff on the summons, and that if he proceeds further in the case it will result in great and irreparable injury to petitioner and that it has no other adequate remedy except this application to this court. Much learned and interesting discussion

is indulged in to show that Thomas, the one upon whom the summons was served in the Metcalfe case, was not such an agent as a legal service could be had upon him, and that his duties were not such as to constitute the doing of business in this state by his principal, and we are asked to review the ruling of the respondent upon that issue. A compliance with that request requires us to look into and determine the merits of the case and it presupposes our jurisdiction to do so upon this application.

In circumscribing the authority of this court under the provisions of the section of the Constitution, *supra,* it has been many times held by us that original jurisdiction as therein conferred would not be exercised unless the respondent or defendant in the action was proceeding clearly without jurisdiction, or that great and irreparable injury might result to petitioner and that he possessed no other adequate remedy. Weaver v. Toney, Judge, 107 Ky. 419; L. & N. R. R. Co. v. Miller, 112 Ky. 464; Campbellsville Telephone Co. v. Patterson, 114 Ky. 52; Jenkins v. Berry, 119 Ky. 350; Dupoyster v. Clark, 121 Ky. 694; Renshaw v. Cook, 129 Ky. 347; Rush v. Denhart, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198; Equitable Life Assurance Society v. Hardin, 166 Ky. 51; McGee's Exr. v. Weissinger, 147 Ky. 321; Smith v. Davis, 170 Ky. 379; Ohio River Contract Co. v. Gordon, 170 Ky. 412; Speckert v. Ray, 166 Ky. 622, and Western Oil Refining Company v. Wells, 180 Ky. 32.

A mere reference to the cases is sufficient without excerpts from any of them, since the rule is so thoroughly established as not to admit of dispute, and which is admitted by counsel for petitioner. It is insisted, however, that although petitioner would have the right of appeal should Metcalfe in his suit against it succeed in recovering as much as $200.00, still if on such appeal it should succeed in reversing the judgment because of the error of respondent in overruling the motion to quash the return on the summons, it would then, under repeated opinions of this court, be before the court of respondent for all purposes upon a return of the case, and that its right of appeal because of such consequences is not an adequate remedy and it is therefore entitled to the writ prayed for. This precise question was before us in the Ohio River Contract Co., case *supra,* which was the same character of proceedings against the same respondent that we have

here, and it was there held that the remedy by appeal was none the less adequate because of the consequences al-luded to, although the same objection to the adequacy of the remedy by appeal was made in that case as is now being made by petitioner. In denying the efficacy of the objection this court in that case said:

"To give such a contention weight, however, it would have to be assumed that the decision of the suit upon its merits would be adverse to the petitioner, and that the decision of this court would be favorable to it. Besides, if such a result should come to petitioner, it would only be in the same situation in which the law places every litigant laboring under similar conditions. It will be observed from the authorities above cited that it has for over a century been the established law in this state that although a litigant has not been brought properly before a trial court so as to give that court jurisdiction of his person, and judgment goes against him and he appeals to this court, if the judgment is reversed and the cause remanded he is considered to have waived the question of jurisdiction of his person for all the purposes of the action. The same rule prevails in substantially all of our sister jurisdictions. The effect of it has never been considered or held as a prejudice to a litigant's substantial rights. So long as such principle is held to be sound law and applicable to every litigant, the fear of the result of it could not be reasonably held to be a threatened danger, against the injurious results of which there was not adequate remedy, such as to justify this court upon a speculation that it would result injuriously to petitioner to interfere in his behalf by a writ of prohibition when we apply the doctrine to every other litigant."

Whatever may be thought of the soundness of the rule holding the defendant before the court after reversal for defective service, it is now too well established in this jurisdiction to be called in question, and since the rule applies to all litigants alike, with no discrimination in favor of any, we do not see where any Constitutional right, either Federal or State, of the petitioner is involved.

The court over which the respondent presides clearly has jurisdiction of the subject matter of the Metcalfe suit. As to whether it has jurisdiction in that suit of the person of the petitioner is a question to be determined by that court upon the facts presented to it. It has jur-

isdiction to determine that question, and if it should commit error in doing so this court would have jurisdiction to review it upon appeal. This, under the doctrine of the opinion from which we have quoted, prevents us from assuming jurisdiction upon this application and determining the merits of the question discussed, although the appeal would result in bringing the defendant before the court upon a remand of the case if the judgment should be reversed.

Wherefore, the motion for the writ is overruled, and the petition is dismissed.