## Shipp, for the Use, etc., et al. v. Stoll, Judge.

(Decided October 12, 1923.)

### Motion for Writ of Mandamus.

1. Appeal and Error—Permitting Intervention of State and County Held Not Incompatible with Opinion of Court of Appeals.—A holding by the Court of Appeals that, on facts stated in petitions, a taxpayer and citizen of the county, for its use and benefit, could institute proceedings on the failure and refusal of the official representatives of the state and county to institute proceedings, was not incompatible, so as to prevent subsequent rulings of the trial court permitting the representatives of the state and county to intervene.

2. Courts—Court of Appeals Will Not Take Jurisdiction to Cancel Rulings on Mere Interlocutory Orders.—The Court of Appeals will not take jurisdiction, under Constitution, section 110, and issue a writ of mandate to a trial court, where rulings complained of are mere interlocutory orders, within the jurisdiction of the trial court, permitting the intervention of parties.

N. B. HAYS for petitioners.

JOHN R. ALLEN for defendant.

OPINION OF THE COURT BY JUDGE MOORMAN—Denying motion for writ of mandamus.

Paul E. Shipp has filed his petition in this court for a mandatory writ directing and compelling the judge of the Fayette circuit court to make certain rulings on the petitioners' motion in the two cases of Shipp, for the use, etc. v. Rodes, et al., reported in 196 Ky., at page 523. The proceeding is based on the opinion of this court in those cases and the subsequent rulings of the judge of the Fay-

ette circuit court which the petitioner claims are incompatible.

After the reversal of the judgments in those cases for further proceedings in the lower court, the Commonwealth, through the attorney general, filed suits in the Fayette circuit court against the defendants in those actions, claiming an interest in the fees collected by them in excess of that allowed them and their legally authorized deputies under the law, whereupon the trial court entered an order consolidating those actions with the proceedings in which the petitioner was plaintiff. About the same time Fayette county, through its legal officer, tendered and offered to file an intervening petition to be made a party defendant in each of the original actions. These motions were sustained. The petitioner in this proceeding seeks a mandatory order requiring the judge of the Fayette circuit court to vacate and set aside the order consolidating the actions filed by the Commonwealth of Kentucky with the original actions filed by the plaintiff, and also an order setting aside the order permitting Fayette county, through its legal representatives, to become a party plaintiff to those proceedings. The ground on which the writ is sought is that it was held in the opinion of this court that neither the state of Kentucky nor Fayete county was a necessary party plaintiff in either of those suits.

It is true that on the facts stated in the petitions it was held that on the failure and refusal of the official representatives of the state and county to institute proceedings the actions could be maintained by a taxpayer and citizen of the county for its use and benefit, but it was not held that the state and county were not proper parties to the proceedings; and, even if this court were of opinion that interlocutory orders of the circuit court, such as the petitioner seeks to bring in review, could be considered in a proceeding of this kind, it could not be held that the state and county are not proper parties to the original actions. But aside from that question, the rulings complained of are mere interlocutory orders within the jurisdiction of the circuit court, and, if erroneous—a question that we do not decide—are not matters of which this court will take jurisdiction under section 110 of the Constitution.

The petition also prays for a writ requiring rulings on other motions and the setting aside of other orders that

have been made. We do not deem it necessary to enum-
erate the points raised. It is sufficient to say that they
all pertain to interlocutory orders or motions reviewable
on appeal after final judgment shall have been rendered,
and not before. None of them comes within the interdic-
tions of the opinion rendered by this court, or violates
any established rule of practice. Whether any of the
rulings are erroneous is a question that we will not under-
take to determine at this time. Accordingly there is no
ground for issuing a writ of mandamus or for exercising
the powers that this court is authorized to exercise under
section 110 of the Constitution.

The motion for the writ is denied and the petition is
dismissed.