## Lewis v. Lewis.

(Decided February 17, 1928.)

(Rehearing Denied, with Modification, April 27, 1928.)

Appeal from Clay Circuit Court.

1. Divorce.—Judgment of divorce granted to husband, silent as to alimony and attorney's fees to wife, though such matters were

especially in issue, held an adjudication that wife was entitled to neither.

2.  Divorce.—Where chancellor had jurisdiction to determine question of residence of husband seeking divorce, judgment of divorce was not void, even though erroneous, under Civil Code of Practice, sec. 423, and Ky. Stats., sec. 2120, and hence not reviewable by Court of Appeals, under section 950(1).

3.  Divorce.—While Court of Appeals cannot, under Ky. Stats., sec. 950(1), reverse judgment of divorce, it does have power to determine whether chancellor correctly determined questions of alimony and attorney's fees.

4.  Appeal and Error.—Exceptions to admission of testimony will be considered by Court of Appeals as overruled, where chancellor refused to pass on exceptions, and decided case without doing so, and denied motion to set aside judgment and pass on exceptions.

5   Witnesses.—Testimony of husband in action for divorce concerning his wife's drinking habits held incompetent and improperly admitted.

6.  Divorce.—Witnesses' testimony to show adultery or lewd and lascivious behavior of wife, held improperly admitted, where their credibility or good character was not proved nor certified to by officer taking their depositions, nor found to be within personal knowledge of judge, under Ky. Stats., sec. 2119.

7.  Divorce.—Petition for divorce from wife on grounds of adultery, lewd and lascivious behavior and habitual drunkenness should have been dismissed where no competent proof of charges was adduced.

8.  Divorce.—Where wife was divorced by erroneous decree without any competent showing that she was at fault, she was entitled to alimony and counsel fees from husband.

MURRAY L. BROWN and MARTIN T. KELLY for appellant

W. W. RAWLINGS and W. O. B. LIPPS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing in part, with instructions.

This is an action for divorce, brought by the appellee against the appellant on the grounds of adultery, lewd and lascivious behavior, and habitual drunkenness of more than one year's duration, with a counterclaim for a divorce from bed and board on the part of the appellant, based on the grounds of cruel and inhuman treatment. After 187 pages of pleadings and motions, the parties finally came to an issue. The court entered a judgment awarding the appellee a divorce and denying the appellant any alimony or attorneys fees. In the petition for rehearing this statement is challenged by the

attorney for the appellee. He first states that this opinion says that appellant merely sought a divorce from bed and board, but that he does not so understand the pleadings. He says that on pages 105 to 123, both inclusive, of the record, is to be found the reformed answer and counterclaim of the appellant, in which the relief sought is an absolute divorce. He says:

"There is no intimation anywhere in this pleading that the defendant merely desired a decree a mensa et thoro, so far as I have been able to discover."

Appellee's counsel fails to mention that there is found on page 178 of the record an amended answer and counterclaim of the appellant, in which she withdraws all the allegations and the prayer of the reformed answer and counterclaim above referred to, in so far as they supported or it asked for an absolute divorce, and in which in lieu thereof she prays for a divorce from bed and board. Appellee's counsel in his petition for a rehearing then quotes the judgment of the lower court, which so far as pertinent reads:

"It is therefore adjudged by the court that the bonds of matrimony heretofore existing between the plaintiff, Joseph Lewis, and the defendant, Ella Lewis, be and they are hereby dissolved."

Counsel then says in his petition for rehearing:

"The trial judge does not specify in his decree whether the divorce is awarded to the plaintiff on his petition, or to the defendant on her answer and counterclaim."

This statement is made in connection with the argument of appellee's counsel that this court cannot say but that the trial court may have awarded a judgment of divorce to the appellant, and the reservation in the judgment to which we shall presently refer reserved the question of alimony and attorney's fees as well as property rights. We are amazed at this position of counsel in this petition for rehearing. That the judgment for divorce could only have gone to the appellee is apparent from the pleadings, because the appellant at the time of the submission of the case was not seeking an absolute divorce.

And that counsel well knew that the judgment for divorce was awarded to the appellee is manifest from this quotation from his original brief filed on the original hearing of this cause:

"Issue was joined in the pleading on the plea of jurisdiction, and the evidence was heard on that subject pro and con, which I am not quoting because of the fact that the circuit judge heard it all, and decided the question of jurisdiction in favor of appellee, and *granted appellee a divorce.*" (Italics ours.)

Counsel are officers of the court, and we cannot comprehend how counsel for the appellee reconciles his duty as such by undertaking, in the light of the record and in the light of his express statement in his brief on the original submission of this cause, the argument he does in his petition for a rehearing. It certainly calls for comment.

The judgment to which reference has been made reserved the question concerning the property rights of the parties in a good deal of realty which had been acquired by them during their married life, and the title to the major part of which was vested in the appellant. The appellant was contending that she was the owner of the property which stood in her name, because it represented the proceeds of an inheritance from her people and the fruits of her labor and savings. The appellee was claiming all the property, because he said it was purchased by him with his own money and such title as appellant had was title obtained directly or indirectly from or through the appellee during marriage, in consideration or by reason thereof, and which he was entitled to have restored to him on the dissolution of the marriage tie. See section 425, Civil Code, and section 2121 of the Kentucky Statutes. It was this issue which the judgment reserved. It says nothing whatever about any reservation of the question of alimony or attorney's fees. Indeed, since the divorce was granted by the trial court to the appellee on his claim of lewd and lascivious behavior, it could not at the same time have well awarded the appellant any alimony, although, if she had no property, it might have awarded her her costs and attorney's fees. See section 900 of the Statutes.

However, whatever else may be said, by being silent on the question of alimony and attorney's fees, and in

failing to reserve the question for further adjudication, it must be considered as conclusive, since these matters were especially in issue, that the trial court found that the appellant was not entitled to such alimony or attorney's fees. In Parks v: Parks, 209 Ky. 127, 272 S. W. 419, a judgment for divorce was awarded the wife, together with a judgment for alimony and the custody of an infant child. No reference was made in the judgment to any maintenance for the infant. We held that until reopened, pursuant to section 2123 of the Statutes, ordinarily such a judgment would be res judicata on the subject of maintenance. We said that the rule of res judicata is, in this jurisdiction, "applied with full vigor to all parties and privies, not only as to the matters actually embraced in the judgment but as to all other matters directly appertaining thereto which might have been included therein." It is clear, then, that the judgment did not reserve the question of alimony and attorney's fees, but by its silence in effect adjudged that appellant was entitled to neither.

For reversal, it is urged that the judgment of the lower court is void because the evidence establishes that the appellee at the time he brought this action, and for more than 8 months prior thereto, was and had been a resident of the state of Indiana, and that if this be true the lower court had no jurisdiction of this action. Cf. Civil Code of Practice, section 423, and Kentucky Statutes, sec. 2120. Whether, if the judgment of divorce was void, we could reverse it and order it set aside or not we need not determine, although that question seems to have been decided adversely to the contention of the appellant in the case of Maguire v. Maguire, 7 Dana, 181. Although we agree with appellant that the overwhelming weight of testimony is to the effect that the actual residence of the appellee from January, 1926, until he brought this action in August, 1926, was in the state of Indiana, yet there was some evidence to show that it was in Clay county, Ky., and although the lower court erroneously adjudged, as we think, that the actual residence of the appellee was in Kentucky, yet under the evidence this was a matter within his jurisdiction to determine, and he having adjudged the fact to be in favor of the appellee, it follows that the judgment was not void, though erroneous.

We have, under the Statutes, no power to reverse a judgment for divorce which is merely erroneous. Kentucky Statutes, sec. 950(1). Although we have no power to reverse a judgment for divorce, we do have power to determine whether or not the lower court correctly passed on a question of alimony and attorney's fees, and to that question we will now address ourselves.

The proof utterly fails to sustain appellee's charge of habitual drunkenness of not less than one year's duration on the part of the appellant. It does show that she drank, and this from the time when the parties were married in 1893 to the present time. But there is no competent proof to show that she was ever drunk except possibly on one or two occasions many years ago. It is true, the appellee testifies to appellant's drinking habits, but the appellant objected to this testimony as well as that of other witnesses we shall presently mention. She objected to all this testimony at the time it was taken. She filed exceptions to this testimony when the depositions were filed. She objected to the submission of the case until such exceptions were passed upon. When the court failed and refused to pass on these exceptions and went ahead and decided the case without having done so, although it was plainly his duty to do so, the appellant moved the court to set aside the judgment and to pass on these exceptions. Again he failed and refused to do so. Appellant did all she could to safeguard her rights, and we must treat the court's failure as in effect overruling these exceptions. The testimony of the appellee concerning his wife's drinking habits was plainly incompetent and should have been excluded. With it excluded, there is no testimony to show a confirmed or any habit of drunkenness on the part of the appellant.

So far as the other charges are concerned, the credibility or good character of the witnesses who testified as to such charges was not certified to by the officer taking their depositions, nor proved, as required by section 2119 of the Statutes. There is no finding that such credibility or good character was personally known to the judge who decided this case. Indeed, it is doubtful, when we consider what some of these witnesses admit they were doing at the time they say the appellant was misbehaving, whether their credibility or good character could have been proved. In the case of Smith v. Smith, 181

Ky. 55, 203 S. W. 884, in construing section 2119 of the Statutes, we said:

"These acts of adultery, as testified to by the witness Thomas, are denied by the defendant, and there is nothing in the record, either by direct testimony of witnesses, by certificate of the officer taking the deposition, or the finding of the court, showing that the witness Thomas was a credible one, or that he bore a good character, as is required by section 2119, Kentucky Statutes; and, unless this is done in some one or more of the methods enumerated, the uncorroborated testimony of such a witness should not furnish grounds for dissolving the bonds of matrimony and destroying the law's cherished status of the parties, and indirectly heaping disgrace and humiliation upon the defendant and her innocent children."

The court should have sustained appellant's exceptions to the testimony of these witnesses. With it eliminated, there was no competent proof to sustain the charges of adultery or lewd and lascivious behavior on the part of the appellant. The court then should have dismissed appellee's petition. As the appellant was not proved to have been in any fault, it follows that she is entitled to alimony and counsel fees from the appellee who has been erroneously granted a divorce. Green v. Green, 152 Ky. 486, 153 S. W. 775; Yeager v. Yeager, 197 Ky. 353, 247 S. W. 5. It is impossible, however, for us on this record to state what such alimony and attorney's fees should be because it will depend in large part on how the realty now in appellant's name is divided between the parties. This question has never been determined by the lower court, and until it is determined the determination of alimony and attorney's fees must remain in abeyance. In so far as the judgment of the lower court awarded the appellee a divorce, we are powerless to review it. But in so far as it denied the appellant any alimony or attorney's fees, it is reversed with instructions to the court that, after it has finally adjudged the property rights of the parties in the real estate mentioned, it then enter an order awarding the appellant alimony and attorney's fees in such sum as may be proper, considering the financial circumstances of the parties.