## Murray v. Simms, Judge.

(Decided January 14, 1930.)

(As Modified, on Denial of Rehearing, February 11, 1930.)

LAURENCE B. FINN and J. H. GILLIAM for appellant.

HENRY H. DENHARDT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Denying writ of prohibition.

On December 19, 1929, Eugene Murray filed in this court his petition for a writ of prohibition against the judge of the Warren circuit court. The facts stated in the petition are these:

At the regular election on November 5, Eugene Murray and J. P. Hodges were candidates for justice of the peace in Hickory Flat district of Warren county. On November 21, 1929, Hodges filed a petition in the Warren circuit court contesting the election of Murray. Murray filed answer on November 26, 1929, in which he alleged that the election commissioners had issued the certificate of election on November 9, and filed the certificate with his answer. It was in the usual form, with these words at the head of it:

"State of Kentucky, County of Warren, Sct. 11-9 1929."

Hodges had alleged in his petition that the above certificate was issued on November 12, and by his reply he alleged that the certificate, though dated November 9, was in fact issued on November 12. Murray demurred to the reply. His demurrer was overruled by the court, and thereupon he filed his petition in this court, asking that the circuit judge be prohibited from proceeding further in the case, on the ground that the contest was not instituted within ten days after the certificate of election was issued and that the circuit court was without jurisdiction.

By section 110 of the Constitution this court has power to issue such writs as may be necessary to give it a general control of the inferior jurisdictions. But under this section it is well settled that the writ will not be issued on the ground that the court is proceeding without jurisdiction where the plaintiff has an adequate remedy by appeal. Central of Georgia R. Co. v. Gordon, 180 Ky. 739, 203 S. W. 725; Shipp v. Stoll, 200 Ky. 646, 255 S. W. 75; Rush v. Childers, 209 Ky. 119, 272 S. W. 404. Whether the demurrer to the reply should have been sustained or overruled was a question for the circuit court to decide. Such questions in the progress of the case cannot be brought here by writ of prohibition, where there is an adequate remedy by appeal. If the circuit court makes any error in a case like this, the defendant has ample remedy by appeal to protect his rights. It is only where the remedy by appeal is inadequate that the writ will issue in such cases.

Writ denied, and petition dismissed.