## WEINTRAUB v. MURPHY.

Court of Appeals of Kentucky.

June 22, 1951.

A. J. Jolly, Newport, for petitioner.

Morris Weintraub, Newport, for respondent.

MOREMEN, Justice.

This is an original action in this court, in which Petitioner, Bertha Berger Weintraub, requests that a writ issue against Respondent, Hon. Raymond L. Murphy, as Judge of the Seventeenth Judicial District, prohibiting him from proceeding in a pending divorce case in which Petitioner is defendant and Daniel J. Weintraub is plaintiff.

The Respondent has demurred, in this court, to the petition filed.

The petition for the writ alleges, in substance, that Daniel J. Weintraub has filed suit seeking an absolute divorce; custody of the youngest child; a determination that he is owner of certain personal property, and that defendant be ordered to surrender that property to him. Bertha Weintraub is a non-resident of Kentucky, therefore a warning order issued, and, upon receipt of a notice of the nature and pendency of the action she filed a pleading, named "Special Appearance," which reads: "The defendant, Bertha Berger Weintraub, enters specially her appearance only for the purpose of suggesting and does suggest that the court has no jurisdiction of the subject matter of this action or of this defendant in that plaintiff has not been a resident of the State of Kentucky for a year immediately proceeding (sic) the filing of this action, and objects to any proceedings against her or upon her property."

Plaintiff, Daniel J. Weintraub, demurred to this plea on the ground that it was not a special appearance but a general one for all purposes. The Chancellor sustained the demurrer to the "Special Appearance"; held that defendant had entered a general appearance to the suit, and gave to her twenty days within which to plead further, if she so desired. The petition for a writ of prohibition further avers that Daniel J. Weintraub had been a resident of Baltimore, Maryland, since the year 1933; had not had a residence in this state for one year next before petition was filed, and, since the trial. court is without jurisdiction of the action, it is acting erroneously to her great injury, under conditions where she has no adequate remedy, nor other redress, to prevent a judgment against her, except to present her defense under compulsion of the court, and that if a divorce be granted to Daniel J. Weintraub, she would have no right of appeal to this court.

Well pled facts in this petition for a writ will be accepted as being true during the consideration of the demurrer.

It is alleged that Daniel J. Weintraub did not reside in this state for one year next before the institution of the action, and further alleged, under the conditions existing, defendant, a non-resident, is required to file answer in the trial court, and meet with sufficient proof the issue of whether or not plaintiff had been a resident of Kentucky for a period sufficient to give the court jurisdiction.

The question, therefore, presented is whether or not in the event of an adverse decision, she would have the right of appeal. KRS 21.060 provides that no appeal will lie to this court from a judg-

ment granting a divorce. We softened the hard impact of this statute somewhat by holding in the case of Self v. Self, 293 Ky. 255, 168 S.W.2d 743, 744, that: "It is only where a divorce judgment is void that an appeal may be prosecuted in this court." But we have also held that where the judgment of the court is only erroneous, even in jurisdictional matters, no appeal lies. In the case of Lewis v. Lewis, 224 Ky. 18, 4 S.W.2d 1106, 1107, it was said:

"For reversal, it is urged that the judgment of the lower court is void because the evidence establishes that the appellee at the time he brought this action, and for more than 8 months prior thereto, was and had been a resident of the state of Indiana, and that if this be true the lower court had no jurisdiction of this action. Cf. Civil Code of Practice, § 423, and Kentucky Statutes, § 2120. Whether, if the judgment of divorce was void, we could reverse it and order it set aside or not we need not determine, although that question seems to have been decided adversely to the contention of the appellant in the case of Maguire v. Maguire, 7 Dana, 181. Although we agree with appellant that the overwhelming weight of testimony is to the effect that the actual residence of the appellee from January, 1926, until [she] brought this action in August, 1926, was in the state of Indiana, yet there was some evidence to show that it was in Clay county, Ky., and although the lower court erroneously adjudged, as we think, that the actual residence of the appellee was in Kentucky, yet under the evidence this was a matter within his jurisdiction to determine, and he having adjudged the fact to be in favor of the appellee, it follows that the judgment was not void, though erroneous.

"We have, under the Statutes, no power to reverse a judgment for divorce which is merely erroneous."

■ Counsel has invited our attention to the fact that it is presumed every public officer will act in accordance with the demands of law, and that there is no allegation in the petition that the trial court will not act properly in accordance with the evidence concerning residence which will ultimately be presented to him. We will presume that every public officer will perform his duty, but we will not presume that public officers (including all courts and their officers) will not sometimes act erroneously while performing that duty.

■ Here, we are faced with this situation: Daniel J. Weintraub, having been advised by careful counsel (who is also an officer of the court), had filed suit for divorce in which it is averred that he is a resident of Kentucky. It must be assumed that there is a basis, in at least theory, for making such an averment. It has been alleged in the petition for a writ of prohibition (which is being tested by demurrer) that Daniel J. Weintraub has not had a residence for the required period of time. We must, for the purposes of this discussion, accept that allegation as being true. If the trial court through a mistake failed to adjudge that Daniel J. Weintraub was not a resident of Kentucky, under the decision in the Lewis case, his adjudication would be erroneous, not void, and petitioner would be without remedy.

■ This court has never been reluctant to operate within the general supervisory jurisdiction conferred on it by section 110 of the Constitution in cases in which no appeal can be taken; where injustice may be prevented; where great and irreparable injury may result, and where there is no other adequate remedy—and included in this group have been divorce cases.

In the case of Thomas v. Newell, 277 Ky. 712, 127 S.W.2d 610, 613, the question was presented as to whether or not a writ of prohibition should issue to restrain the judge of the Mason Circuit Court from proceeding to try a divorce action which a husband had instituted against his wife. The wife had told her husband that she was going to leave their residence in Mason County and return to her mother's home in Jefferson County. The next day (August 30) she did leave and filed suit in the latter county on the following day which was the same day upon which the husband filed suit in Mason County. The court, after holding that she had changed her residence from Mason to

Jefferson County, said: "In the case of Smith v. Davis, supra (170 Ky. 379, 186 S.W. 176), we took original jurisdiction of a similar procedure to this one, wherein the circuit court was sought to be prohibited from taking further action in a divorce action pending therein on the ground that it had been brought in the wrong venue. We therein at least impliedly upheld our jurisdiction to entertain such an original action. But, without that implied authority, it is clear that the matters involved are such as to confer original jurisdiction upon this court in the circumstances and under the facts of this case. * * * It is argued, however, that a divorce is the relief sought by the wife by her action in the Jefferson circuit court, and that, although she might not be able to reverse a judgment of divorce in favor of the husband granted by the Mason circuit court, yet such relief is the same as that sought by her in the court she selected. The argument loses sight of the fact that many other elements enter into the case, such as expense attendant upon the litigation from the newly acquired residence of the wife, and the probable effect on the question of alimony that a sustaining of the husband's allegations against her might produce, and other facts not necessary to mention."

■ The writer recognizes the paradoxical phases of a situation where a litigant may, in effect, obtain a limited appeal based on the reason that the law forbids an appeal and he may get hurt because that remedy is denied him. But this court has, under the compulsion of constitutional authority, supervised the proceedings which may result in an unappealable judgment.

In the case of Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972, 975, which presented almost identical facts to those of the Thomas case, the court reiterated: "In ordinary cases original proceedings in this court, under the authority of section 110 of the Constitution, will not be entertained where the right of appeal to this court exists, but since there can be no appeal from a judgment granting a divorce the only remedy open to the petitioner is

an original application to this court. Consequently we have taken original jurisdiction without exception where there is no right of appeal followed by great and irreparable injury."

Counsel for Respondent contends that in the Thomas and Brumfield cases the venue of the action was improperly laid, that matters of jurisdiction in the sense of venue may be waived and that a judgment in such cases in the original forum would be valid and the wife would have no appeal, but that in such a case as is here presented (if the plaintiff is, in fact, a nonresident) any judgment entered would be void and, therefore, subject to attack. In view of the holding in the case of Lewis v. Lewis, 224 Ky. 18, 4 S.W.2d 1106, and other cases above discussed, we see no reason for a distinction between cases where the circuit court lacks jurisdiction, regardless of whether the word "jurisdiction" connotes venue or concerns the subject matter which it must be empowered to try.

■ In view of the above findings, we are of opinion that the trial court was not justified in finding that petitioner entered her appearance to the action or that the court acquired jurisdiction by means of the instrument which was filed. The reference to proceedings against her property is so incidental to the divorce proceedings and so dependent upon the character of the judgment concerning the divorce, that for jurisdictional purposes the matters of divorce and property rights will not be regarded as severable. As we construe this special appearance, it was filed for the purpose of testing the matter of the residency of the plaintiff. The entire intent of the pleading was to test the jurisdiction of the court, and defendant had this right without being required to litigate all issues in a distant court.

It follows, therefore, that Respondent's demurrer to the petition should be, and it is, hereby overruled. Respondent may file response, and the parties may take proof under Rule 1.620, and no proceedings will be had in the circuit court pending final determination of this action in this court.