WILCOX *v.* WILCOX.

Application by the husband for a divorce. Cause, abandonment. The plaintiff made affidavit of residence in this state. Notice of the suit was given by publication. The defendant made default. There was evidence of abandonment. The Court dismissed the bill, on the ground that the cause of divorce originated in the state of *New York*, where both the parties at the time resided. *Held*, that this was error.

*Saturday,
June 19.*

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—Application by *Seymour C. Wilcox* for a divorce from his wife, *Elizabeth S. Wilcox*, on the ground of abandonment.

Appended to the complaint filed, was an affidavit as follows:

" *Jefferson* county, to-wit: Said *Seymour C. Wilcox*, being duly sworn deposes and says that he is at this time a *bona fide* resident of the county of *Jefferson* aforesaid.

                    *Seymour C. Wilcox.*"

" Subscribed and sworn to this 1st day of *January*, 1858.

                    *John G. Sering*, Clerk."

Also, an affidavit of one *James Thompson* that the defendant, *Elizabeth S. Wilcox*, was not a resident of *Indiana*, but of *Delaware* county, *New York*.

Notice of the suit was given by publication.

The defendant made default.

The following evidence was submitted to the Court:

*Alonzo B. Judd* testified that he was acquainted with

May Term, 1858.

WILCOX
v.
WILCOX.

the parties; that they had resided in the village of *Franklin*, *Delaware* county, *New York*, and that Mrs. *Wilcox* still resided there; that they had been reputed husband and wife, and lived together as such for several years, before and up to the time when Mrs. *Wilcox* left her husband, and returned to live with her mother; that she had then remained away from her husband about two years; Mr. *Wilcox* remained at home, in his own house, till he left, then recently, for *Indiana*. Mrs. *Wilcox* told him she never would again live with her husband—did not know why she would not.

*Myron Wilcox* was present at the marriage of Mr. and Mrs. *Wilcox*, on the 16th of *May*, 1853. They lived together as man and wife till *May*, 1856, when Mrs. *Wilcox* abandoned her husband, and returned to her mother. She left of her own accord, saying she could be more happy with her mother, and would never return to her husband. She left in the day time, having procured a wagon, &c., into which she had placed all the articles she took to her husband's house, at marriage. The articles were taken to her mother's.

Thereupon the Court dismissed the bill, " on the ground that the cause of divorce originated in the state of *New York*, where both the parties at the time resided, to which opinion the plaintiff excepted, &c. There was a motion for a new trial overruled.

The Court erred in dismissing the bill for the reason assigned. *Tolen* v. *Tolen*, 2 Blackf. 407. This case is supported by modern authorities. Bishop on Marriage and Divorce, § 727, *et seq.*, where the subject is examined.

*Per Curiam.*—The judgment is reversed, with instructions to the Court below to grant the divorce.

*M. G. Bright*, for the appellant (1).

(1) Mr. *Bright* cited *Tolen* v. *Tolen*, 2 Blackf. 407; *Tovey* v. *Lindsay*, 1 Dow. 117; *Utterton* v. *Tewsh*, 2 Kent's Com. 110 [Fergusson's Reports of the Consistorial Courts of *Scotland* in actions of divorce, p. 23]; *Duntze* v. *Levett, id.* 112 [Fergusson, 68]; *Edmondstone* v. *Lockhart, id.* 113 [Fergusson, 168]; *Butler* v. *Forbes, Ibid.* [Fergusson, 209]; *Kibblewhite* v. *Rowland, Ibid.* [Fergusson, 226]; *Gordon* v. *Pye, id.* 114 [Fergusson, 276]; *Harding* v. *Allen*, 9 Greenl. R. 140.