CASE 100—WRIT PROHIBITION—FEBRUARY 26, 1884.

# Bank Lick Turnpike Co. v. Phelps, County Judge.

APPEAL FROM KENTON CHANCERY COURT.

1. A writ of prohibition can not be granted merely to prevent an inferior tribunal from deciding erroneously, nor from enforcing an erroneous judgment or order.

2. The remedy is by an appeal.

3. The provision in appellant's charter, which requires tolls to be reduced whenever it is ascertained that the road pays a greater dividend than the amount allowed by law, confers an implied power upon the Kenton County Court to determine not only the tolls collected and due the company, the cost of repairs, but also the amount of the original capital stock in the company.

A. C. ELLIS AND O'HARA & BRYAN FOR APPELLANT.
    No brief.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

February 10, 1869, the General Assembly passed an act to amend the charter of appellant, the Bank Lick Turnpike Company, the fourth section of which is as follows:·  "That the gate-keepers are required to report in the months of July and January of each year to the Kenton county court, under oath, the amount of tolls collected or due said company; and whenever it is ascertained that the road pays a greater dividend than ten per cent. per annum upon the original capital stock, then the tolls are to be reduced until it nets ten per cent. only upon its stock; and the surveyor or president of said road shall report under oath to the county judge, in January and July of each year, with vouchers, &c., the cost of all repairs to said road."

In the petition filed by appellant, a general demurrer to which was sustained, it is alleged that before the passage of the act of 1869, the company had, under the authority of its original charter and amendments thereto, for the purpose

. of raising money to construct its road, issued and sold stock
to the amount of $40,000; that the reports required by sec-
tion 4 of the act of 1869 have been made at the appointed.
times for five years or more before the commencement of
this action, and that exceptions being filed by the county·
attorney to the one made in January, 1881, the court de-
cided that the net receipts of the tolls by the company were·
in excess of ten per cent. per annum upon their capital ·
stock, which, by an order of court made in April, 1877,
had been estimated and fixed at $26,350, and thereupon·
made an order reducing the tolls below the rates fixed by·
the directors of the company under authority of its charter.

It alleges that in fact the net income or receipts from the·
tolls have not, at any time since the passage of the act of
1869, exceeded ten per cent. per annum on its capital.
stock, even estimating it at the amount fixed by the county·
court, and that as shown by reports made in July, 1881,
and January, 1882, the net income for the year 1881 has·.
been less than ten per cent.

It is further alleged that the county judge, claiming juris--
diction to determine the capital stock of the company, and:
the right to control it in the matter of its expenditures in
keeping up the road, has made orders reducing salaries that
the directors had contracted to pay its officers and employes,
refusing to allow in the account of expenses sums actually·
paid for necessary repairs, and including in the receipts ac-
counts for tolls not collected and uncollectable.

The object of this action is to obtain from the Kenton/
chancery court a writ of prohibition enjoining the judge of
the county court from further proceeding under the order·
made in January, 1881, and the rule subsequently issued:
requiring the officers of the company to appear and answer·

for the alleged contempt in disobeying that order, and perpetually prohibiting the county court from exercising jurisdiction to hear and determine exceptions to the correctness of said reports, and from .assuming to order a reduction of tolls to be collected on the road according to its finding. The chancery court was also asked to vacate the order by which the county court fixed the capital stock upon which the stockholders of the company might receive dividends at $26,350.

By section 3 of the act of incorporation, passed February 6, 1839, it is provided that the capital stock of the company shall be $40,000, and if that amount shall be ascertained to be insufficient to accomplish the object of the act, the president and directors of the company may enlarge it to such an amount as may be deemed necessary, and open subscriptions therefor as they may think proper.

By the act amending the charter, passed February 6, 1866, the company is empowered to issue additional stock not to exceed in amount $50,000; and by an amendment passed February 27, 1867, the company is authorized to increase the capital stock to any amount not exceeding $75,000; but both these acts have been repealed by the act of February 10, 1869.

By the term "original capital stock," used in the fourth section of the act of February 10, 1869, is clearly meant the amount of stock subscribed, or issued and sold, which has been actually expended for the accomplishment of the object of the charter—that is, the construction of the road. Therefore, what is the precise amount of capital stock thus defined, not being fixed by the charter, must be ascertained and determined otherwise; for though, as required by the act, the gate-keepers may report semi-annually the amount

of tolls collected, and the surveyor or president report at the
same time the cost of all repairs, it is obvious that it could
not be decided whether the road pays a greater dividend
than ten per cent. per annum upon the "original capital
stock" without first ascertaining the amount of such origi-
nal capital stock.

The provision which requires the tolls to be reduced
whenever it is ascertained that the road pays a greater divi-
dend than the amount allowed by law, confers implied power
upon the county court, to which tribunal the reports are to
be made, to determine not only the amount of tolls col-
lected and due the company, and the cost of repairs, but
also the amount of the original capital stock. Any other
interpretation of the fourth section of the act would render
it inoperative; for it would be useless to require reports of
tolls and costs of repairs to the road to be made to the
county court, and the tolls to be regulated so that the origi-
nal capital stock should net ten per cent. only, without
giving that tribunal the power to determine whether or not
a state of facts exist that authorize the reduction of tolls.

In our opinion the Kenton county court has complete
jurisdiction to ascertain semi-annually whether the road does
pay a greater dividend than ten per cent. per annum, and
may inquire as to all the facts necessary to determine the
question, and when, in the language of the law, *it is ascer-
tained* that such is the case, may make an order directing
the tolls to be reduced within the limit required by the act.

It follows, therefore, the court has not exceeded its juris-
diction in issuing a rule requiring the officers of the com-
pany to appear and answer for the alleged contempt in dis-
obeying a previous order reducing the tolls. The writ of
prohibition asked for in this case can be granted only to

prohibit the Kenton county court from proceeding in a matter out of its jurisdiction.

It may be that the county court has erred in reducing the necessary salaries of the officers of the company below what is reasonable and just, or has required the company to account for more tolls than have been collected or are due, or has refused improperly to allow for necessary and legitimate expenses in keeping in repair the road.   But all these subjects have to be considered in determining whether the tolls should be reduced or not, and are within its jurisdiction; and, therefore, as the writ of prohibition can not be granted merely to prevent an inferior tribunal from deciding erroneously, or from enforcing an erroneous judgment or order, the only remedy allowed generally in such cases is to appeal. That no provision has been made for appeal from the alleged erroneous orders of the court in this case does not authorize a perversion of the purpose for which by law a writ of prohibition may be granted, or its extension to cases in which it does not lie.

The judgment must be affirmed.