### FANNIE JONES *v.* SAMUEL JONES.

CHANCERY COURT; JURISDICTION. *Divorce; causes occurring in another state.*
   A chancery court in this state, otherwise having jurisdiction of the case, may decree a divorce, although the cause therefor occurred outside o f the state.

FROM the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

The appellant filed her bill for divorce against appellee, a non-resident of this state. Proper publication was made as required by the statute, but the defendant failed to appear. The proof developed that the marriage as well as the causes for divorce occurred in the state of Alabama.

The court being of the opinion that the court was without jurisdiction inasmuch as the causes for divorce occurred in another state, dismissed the bill, and complainant appeals.

*Walker & Hall,* for appellant.

The *bona fide* residence of the complainant gives jurisdiction, without regard to where the cause of divorce occurred. Code 1880, §§ 1162, 1163; 2 Bishop on Marriage and Divorce, §§ 155–180; Stewart on Marriage and Divorce, § 220; Const. Miss. Art. vi, § 16.

WOODS, C. J., delivered the opinion of the court.

This appeal presents for our determination this single question, viz : Have the courts of this state jurisdiction in suits for divorce, where the causes for divorce occurred in another state ?

The laws of this state, in their general application, must regulate

and control the domestic relations of all persons resident within its borders. If the *lex domicilii* shall be held not to govern in matters of divorce in this state, even in those cases where the causes for divorce occurred in another state, we will inevitably find certain startling and intolerable anomalies confronting us. 1. We shall see the statutes of this state, as they affect the domestic relations of the citizens, applied and enforced in every conceivable case, except only in the most important matter of marriage and divorce. 2. We shall witness the substitution of foreign laws for our own in the determination of the rights of parties holding marital relations. 3. And we shall see consequently a part of the citizens in divorce proceedings having their rights determined by our own system of law, and another part of our citizens in like proceedings denied the benefits of our laws administered in our own courts, and re-manded to foreign laws administered in a foreign jurisdiction. The adoption of the views entertained by the learned court below would lead to perplexing confusion ; would deny to residents, nay, in readily imagined cases to life-long citizens, the protection of the laws of the state in matters of tenderest and highest concern ; and would, as in the case before us, compel the innocent and the injured to remain indissolubly bound to the vicious and the guilty. It appears to us, therefore, that the public welfare and the private interests of citizens render it obligatory upon the courts of the state to administer our own laws as they affect the vital subject of mar-riage and divorce.

An examination of our statutes on this subject manifests to us that the legislature wisely determined that every person who has resided in this state for one year next preceding the filing of a bill for divorce, and who has not acquired such residence for the pur-pose of obtaining a divorce under our laws, is fairly entitled to invoke the benefits and the protection of our laws on this most important subject. The only essential legislative pre-requisite to suitorship in divorce proceedings is a *bona fide* residence in this state of one year. To this there is no limitation, nor any excep-tion. The legislative will has imposed no condition of residence here on the part of the defendant, no condition of the execution of

the marriage contract here, and no condition, in our opinion, of causes for divorce occurring here.

We are therefore of the opinion that the court below erred in dismissing complainant's bill, and in denying her the relief prayed for.

*Reversed and remanded.*