Perzel v. Perzel.

---

CASE 114—PETITION EQUITY—FEBRUARY 28.

## Perzel v. Perzel.

APPEAL FROM BOURBON COURT OF COMMON PLEAS.

1. DIVORCE—RESIDENCE.—Where an actress, having no other home, resided with her mother in this State when not actively engaged in her profession. she had such a residence in this State as entitled her to maintain an action for divorce.
2. SAME—ABANDONMENT IN ANOTHER STATE.—While a divorce will

Perzel v. Perzel.

not be granted in this State upon the ground of abandonment, where the abandonment had its beginning in another State, unless it would be a ground for divorce in such State, yet where the wife suing for a divorce upon the ground of abandonment is in good faith a resident of this State, and the husband is in a foreign country, the chancellor will not refuse the divorce because the parties were domiciled in another State at the time the husband left this country. It will not be assumed that the husband departed from this country with the intention of abandoning the wife when there is just as much reason for assuming that there was no intention upon his part to abandon her until after she came to Kentucky.

3. SAME.—Parties will not be allowed to avail themselves of our divorce laws if they have come into this State from another jurisdiction for that purpose. The residence must be in good faith.

G. C. LOCKHART, HALLAM & MYERS FOR APPELLANT.

CLIFTON ARNSPARGER FOR APPELLEE.

Record and briefs misplaced.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Marie Perzel, was married to William Perzel in the city of New York on the 23d of June, in the year 1881. They lived together as husband and wife until October, 1886, when the defendant left New York for France.

From the testimony in the case, the appellant lived, prior to 1886, after her intermarriage with Perzel, a portion of the time in Covington, Kentucky, with her mother, Mrs. Victor. Her husband seems to have had no home of his own, or any means of subsistence except such as were furnished by his wife. She is an actress by profession, and during the winter months was busily engaged on the stage, and applied her ac-cumulations to the support of her two children by a former husband, and also to the support of the defendant. While his domicile was at one time in the city of New York, he seems now to have no

permanent home, and whether he left that city for France with the purpose of abandoning his wife is difficult to determine from the record.

The appellant, under the circumstances, came to Kentucky to live with her mother, and has, since the year 1886, made this State her permanent home. She was born and raised in Nicholas county, Kentucky, and was educated at Bellewood Seminary, near Anchorage, and it is but natural that she should have returned to the place of her nativity, where her mother lived, as she had no other home, or any one else to look to for care and protection; and the argument that the facts do not establish a residence in this State, because she is out of it so much of the time while engaged in her profession, can have but little weight in determining the question of residence. She had been living in Kentucky for three years before this suit was brought, and her husband, who seems to be a foreigner, in France, and who has made no provision whatever for her support while living with her, has evidently abandoned her because she refuses to longer support him. The testimony shows that she was an affectionate and devoted wife, and there was no reason apparent, from the facts before us, why he should have abandoned her, unless her refusal to maintain him longer was the cause, a fact assumed by the court from the general character of the testimony, and not from any act on the part of the appellant.

It is said, however, that this court, in the cases of Becket v. Becket, 17 B. M., 370, and Hick v. Hick, 5 Bush, 670, has, in effect, decided that where the aban-

Perzel v. Perzel.

donment took place in another State, where the parties were domiciled, neither party will be allowed to come into this State and procure a divorce on the ground of abandonment, unless ground of divorce where the cause originated. Section 4 of article 3, chapter 52, General Statutes, requires an action for a divorce to be brought in the county where the wife usually re-sides, if she has an actual residence in this State; if not, then in the county of the husband's residence, and no such action shall be brought by one who has not been a continuous resident of this State for a year next before its institution. Nor unless the party complaining had an actual residence here at the time of the doing of the act complained of shall a divorce be granted for any thing done out of the State, un-less "it was also a cause for divorce by the law of the country where it was done." The residence of the appellant has been continuous in this State since the year 1886. She has had no other home, and her husband, a foreigner, has no fixed domicile, and to say that the domicile of the husband is the domicile of the wife under such a state of facts would lead to an absurd conclusion.

The only question, it seems to us, in this case is, did the husband, when leaving the city of New York, do so with the intent to abandon his wife?

That such was his intent may be assumed from the facts before us, and still such a purpose might not even have been contemplated by him until after his wife left New York for her home in Kentucky. Where the husband has no fixed place of abode in this country, compels his wife to seek a home of

her own, and fails to make any provision for her support, and the testimony shows the wife to be blameless, ought the chancellor to so construe the statute as to deny a divorce to the wife because it may be inferred that the inception of the abandonment took place in some other State? The facts show that the object of the wife in returning to her native State was not for the purpose of obtaining a divorce, nor does it become necessary to consider, in computing the time of abandonment, any part of that period embracing the length of time she remained in New York after her husband left for France. Parties can not come to this State from another jurisdiction for the purpose of availing themselves of our laws to obtain a divorce, but the residence must be in good faith. How is the chancellor to determine whether, when Perzel left for France, it was then his purpose to forsake forever his wife, and rid himself of all marital obligations? The chancellor, however reluctant he may be in severing the most sacred of all social relations, will not be so unjust to a faithful and true wife as to look back for the purpose of ascertaining when the husband left for a foreign country, and make that date the period at which to fix a *bona fide* intent on his part never to return. The cause of the divorce has ripened in Kentucky. The appellant is a resident in good faith, and is without fault, and there being as much reason for presuming the intention to abandon after the wife came to Kentucky as to presume a like intention when the husband left for France, we are of the opinion that the appellant is entitled to a divorce, and re-

verse the judgment below, with directions to enter a judgment, if no other defense is interposed, dissolving the marriage relation between the parties.

* CASE 115—PETITION EQUITY—FEBRUARY 21, 1889.