## MAURICE ROSE v. BERTHA ROSE.[1]

March 3, 1916.

Nos. 19,601—(238).

**Divorce — evidence of cruelty.**

1. The evidence supports the finding of the trial court that the plaintiff suffered cruel and inhuman treatment at the hands of defendant.

**Evidence.**

2. The trial court committed no prejudicial error in its rulings on the admission of testimony.

**Divorce — jurisdiction when defendant is nonresident.**

3. The courts of this state have jurisdiction to decree a divorce for any cause allowed by its laws, notwithstanding the fact that the defendant was at no time a resident of this state, and without regard to the fact that the offense was committed outside of this state, and without regard to the fact that the parties were not living together as husband and wife at the time the offense was committed.

Action for divorce in the district court for Hennepin county. The case was tried before Jelley, J., who denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff, and awarded the custody of the minor children to defendant. From the order denying her motion for a new trial, defendant appealed. Affirmed.

*Hall, Tautges & Sapiro,* for appellant.
*George B. Leonard,* for respondent.

SCHALLER, J.

The parties hereto intermarried at San Jose, California, on the first day of August, 1900. Two children have been born to them, the issue of such marriage. On September 29, 1914, plaintiff, who had resided in this state for more than one year, began an action in Hennepin county

[1] Reported in 156 N. W. 664.

for divorce from defendant on the ground of cruel and inhuman treatment.

The parties had not lived and cohabited together as husband and wife since late in the year 1902. The acts of cruelty set out occurred outside the state of Minnesota, and before the plaintiff had taken up his residence here.

An action had been begun in March, 1914, in which the plaintiff herein was plaintiff and the defendant was defendant, for divorce on the ground of adultery. Later the two actions were consolidated and tried together as one. All charges of adultery were withdrawn and the action was tried to the court. No evidence was offered of any acts of cruelty prior to October, 1908. The trial, which began May 17, 1915, was concluded and the cause finally argued and submitted on the fifth of June, 1915. On the tenth of June, 1915, the court made its findings of fact, conclusions of law and order for judgment in favor of the plaintiff and against the defendant, that the plaintiff be absolutely divorced from the defendant, and awarded the custody and control of the minor children to her. On the question of cruelty the court found that two allegations of the complaint had been sustained by the evidence and were true. Defendant appeals from the order denying her motion for a new trial.

The assignments of error attack the sufficiency of the evidence to support the findings, question the rulings of the court on the admission of evidence and finally raise the question as to the jurisdiction of the court to make a decree based on transactions occurring *dehors* the jurisdiction of the court and at a time when the parties were not living and cohabiting together as husband and wife.

1. No good purpose would be accomplished by reciting the unfortunate marital history of these litigants. An examination of the bulky record and numerous exhibits leads one to the conclusion that their married life was far from harmonious. A careful examination of the record satisfies us that there is evidence amply sufficient to support the finding "(c)", that a gang of men, at the instigation of the defendant and in her pay, assaulted and severely beat this plaintiff under conditions of unusual brutality. Whether or not the evidence sustains the finding that the allegations in paragraph "(b)" relating to malicious

prosecutions are true becomes of secondary importance. We do not pass on that question.

2. Other assignments of error challenge the rulings of the court excluding certain oral testimony, and exhibits, covering the period between the date of the marriage and the year 1908. The plaintiff made no attempt to prove any allegation in either complaint, charging any act prior to the month of October, 1908. Indeed, he expressly withdrew such allegations and expressly disclaimed any intention of proving them. Most of the rulings occurred on offers to prove facts happening prior to that time. None of the facts offered to be proved could be or were intended to be proved in justification of the acts charged against the defendant. Other rulings as to the admissibility of testimony were largely within the discretion of the trial court. We find no prejudicial error in any of the rulings.

3. Appellant bases her principal contention on the fact that all the transactions found by the court to be true, occurred outside the jurisdiction of the state of Minnesota, and while the parties were not living and cohabiting together as husband and wife. She argues, first, that the parties must be living and cohabiting together at the time the acts of cruelty are committed, and second, that the acts of cruelty must be committed within the state of Minnesota, otherwise the courts of this state have no jurisdiction to grant a divorce.

The only condition required by our statutes to give the court jurisdiction in divorce cases is that the party bringing the action must have been a *bona fide* resident of this state for a period of more than one year before filing the complaint. The finding of the district court that plaintiff was for more than one year prior to the filing of the complaint an actual *bona fide* resident of the state of Minnesota is not challenged. The courts of this state, therefore, had jurisdiction over the marriage status of the plaintiff. It is true that the parties did not live or cohabit together in this state, but it is the marriage status, not the cohabitation, which is subject to the jurisdiction of the court. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017.

It is, however, urged that the acts of cruelty were committed outside the state of Minnesota, and that consequently a Minnesota court should not consider them, and further, that under the statutes of the state where

the acts were committed, cruel and inhuman treatment is not a ground for divorce. We think the contention is unsound.

"To each state belongs the exclusive right and power of determining upon the status of its resident and domiciled citizens and subjects, in respect to the question of marriage and divorce." State v. Armington, 25 Minn. 29.

The statute of this state provides for divorce from the bonds of matrimony for cruel and inhuman treatment. It does not in terms or by implication require that the acts of cruelty be committed either while the parties are living and cohabiting together as husband and wife, or that they be committed within the territorial jurisdiction of the state of Minnesota. We cannot conceive of any valid reason why the language of the statute should be restricted by interpretation; nor can it be seriously contended that the marriage relation would be more tolerable to the parties if the plaintiff were beaten up in Minnesota rather than in New York. If the court had jurisdiction of the marriage status—and it had—it could take into consideration in this action any act violative of the rights of the parties in such status; and if it determined—as it has in this case—that the defendant cruelly and inhumanly treated the plaintiff, the marriage could be dissolved whether the offense was committed in Minnesota or elsewhere.

"The courts of the state of the domicil of the parties doubtless have jurisdiction to decree a divorce, in accordance with its laws, for any cause allowed by those laws, without regard to the place of the marriage, or to that of the commission of the offense for which the divorce is granted." Cheely v. Clayton, 110 U. S. 701, 4 Sup. Ct. 328, 28 L. ed. 298; Cheever v. Wilson, 9 Wall. 108, 19 L. ed. 604.

Order affirmed.