# Hensley v. Hensley.

May 6, 1941.

Hiram H. Owens for appellant.

V. A. Jordan for appellee.

OPINION OF THE COURT BY VAN SANT COMMISSION-ER—Affirming.

The only question involved on this appeal is the constitutionality of that part of Section 2120, Kentucky Statutes, which provides that in a suit for divorce "no action shall be brought by one who has not been a continuous resident of this state for a year next before its institution."

In addition to the grounds for divorce, appellant alleged in his petition that he was a citizen and resident of Knoxville, Tennessee. A special demurrer objecting to the petition because the plaintiff did not have legal capacity to sue was sustained by the court and judgment was entered dismissing the petition. Appellant contends that the above quoted section of the statute is in violation of Article 4, Section 2, and Amendment 14, Section 1, of the Constitution of the United States.

Article 4, Section 2, reads: "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

Amendment 14, Section 1, among other things, provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws."

Without referring to the Constitution of the United States, this Court has held that a plaintiff in a divorce action must allege and prove an actual residence in this state for one year next before commencement of the ac-

tion in accordance with the provisions of the statute. Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440, 10 Ky. Law Rep. 252; Perzel v. Perzel, 91 Ky. 634, 15 S. W. 658, 12 Ky. Law Rep. 879; George v. George, 190 Ky. 706, 228 S. W. 408, 39 A. L. R. 700; Workman v. Workman, 191 Ky. 124, 229 S. W. 379.

Whilst it is true that the Legislature of a state cannot deny the citizens of another state the use of its courts in enforcement of privileges and immunities which owe their existence to the Constitution and laws of the federal government in its national character, it is likewise true that the privileges and immunities protected by the aforesaid provisions of the United States Constitution do not include those fundamental privileges and immunities solely inherent in state citizenship. Cooley's Constitutional Limitations, Vol. 2, page 848; Conner v. Elliot, 18 How. 591, 15 L. Ed. 497; Prudential Insurance Co. v. Cheek, 259 U. S. 530, 42 S. Ct. 516, 66 L. Ed. 1044, 27 A. L. R. 29. Although marriage is the result of contract, after its consummation it is impressed with a public character and is no longer in the nature of a contract, but is a status deeply affecting the public welfare as well as the parties of the union. It is not a contractual relation that can be dissolved solely by consent of the parties, because there are more important interests involved than those of the individuals to the contract. The public has an interest generally in maintaining and improving the morals and social standards of the community; it is especially concerned in preserving any social relation which will place the sovereign in position to discharge more readily its duty in promoting the welfare of its children. Since marriage is the most fundamental of all social relations and so deeply affects the public welfare, it has long been recognized as a right incident to state citizenship. In other words, although the mutual assent of the parties is a prerequisite to the marriage, the consummation of the marriage is of such public concern that the status acquired cannot be brought about or maintained except by consent of the state which assumes jurisdiction of the parties. Since the consummation of the contract must be in the manner prescribed by law, it follows that the relationship cannot be dissolved except in the manner and under the conditions prescribed by law. Both its consummation and its dissolution must be at the will of the sover-

eign state. As said in Maguire v. Maguire, 7 Dana 181, 37 Ky. 181:

"Marriage, though, in one sense, a contract—because, being both stipulatory and consensual, it cannot be valid without the spontaneous concurrence of two competent minds—is nevertheless, sui generis, and unlike ordinary or commercial contracts, is publici juris, because it establishes fundamental and most important domestic relations. And therefore, as every well organized society is essentially interested in the existence and harmony and decorum of all its social relations, marriage, the most elementary and useful of them all, is regulated and controlled by the sovereign power of the State, and cannot, like mere contracts, be dissolved by the mutual consent only of the contracting parties, but may be abrogated by the sovereign will, either with, or without the consent of both parties, whenever the public good, or justice to both or either of the parties, will be thereby subserved. Such a remedial and conservative power is inherent in every independent nation, and cannot be surrendered or subjected to political restraint or foreign control consistently with the public welfare."

Since divorce is a privilege solely inherent in State citizenship, it is not a privilege or immunity within the meaning of the sections of the Constitution of the United States referred to above. Though the question was not presented for decision, in discussing the general scope of the Constitution of the United States in the Dartmouth College Case, Chief Justice Marshall said: "It [the Constitution of the United States] never has been understood to restrict the general right of the legislature to legislate on the subject of divorces." Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 519, 629, 17 U. S. 518, 629, 4 L. Ed. 629. That being true, it is a privilege which may be granted or denied at the will of the Legislature; consequently the Legislature may prescribe such jurisdictional restrictions as it sees fit. It is apparent, therefore, that the statutory requirement of one year residence for the plaintiff before the commencement of an action for divorce is valid and not in contravention of Article 4, Section 2, or Amendment 14, Section 1, of the Constitution of the United States.

Since the petition showed on its face that the plaintiff was not, and had not been for a year previous to the filing of this action, a citizen and resident of the State of Kentucky, the special demurrer to the petition was properly sustained.

Wherefore, the judgment of the lower court is affirmed.