James M. Conrad, Appellee, v. Margaret Conrad, Appellant.

Term No. 46F6.

34

Opinion filed May 6, 1946. Released for publication May 31, 1946.

Frank E. Trobaugh and Stephen E. Brondos, both of West Frankfort, for appellant.

Leonard J. Dunn, of West Frankfort, for appellee.

Mr. Justice Culbertson delivered the opinion of the court.

This is an appeal from an order of the city court of West Frankfort, Illinois, granting the motion to strike of James M. Conrad appellee (hereinafter called plaintiff), and denying the motion of appellant, Margaret Conrad (hereinafter called defendant), to

vacate an original divorce decree and, likewise, the appeal seeks reversal of an order granting leave to plaintiff to supply the files with plaintiff's affidavit dated November 10, 1942.

The facts as disclosed by the record indicate that in November of 1942 plaintiff filed suit for divorce on the ground of desertion and caused publication to be made in the Benton Standard at Benton, Illinois, in the same county in which West Frankfort is located. On the hearing of the divorce case plaintiff testified that he had been a resident of the State of Illinois for about 14 months and that his wife had deserted him in 1934. There was no evidence that his wife had ever lived in the City of West Frankfort, or the State of Illinois. A decree was entered on December 27, 1942 finding that the court had jurisdiction of the parties and the subject matter; that defendant was duly served by publication; and the defendant was defaulted in such proceeding; and a decree *pro confesso* was entered against her. The decree finds that plaintiff was a resident of West Frankfort for more than one year next preceding "this date" and, likewise, finds the facts with reference to the abandonment of plaintiff by the defendant. The evidence on the hearing showed that plaintiff had actually lived in Illinois for more than a year prior to the time of filing the complaint, but that he had not been a resident of West Frankfort for a full year prior to the filing of the complaint.

It appears from the record that the defendant had actual notice of the original decree on June 10, 1944, but that no action was taken to set aside the decree until June 29, 1945. In response to defendant's motion to vacate and set aside the decree, plaintiff filed a motion to strike, contending that the defendant's motion was filed without leave of court, and that defendant was guilty of laches. At the hearing upon the motions it was disclosed that the affidavit of nonresi-

dence, upon which service by publication was had, was not in the files. Plaintiff's attorney then filed a petition to supply the files with plaintiff's affidavit of nonresidence, and after hearing evidence on the petition, the court granted the prayer and the files were supplied on July 20, 1945 with two affidavits, one dated November 6, 1942, and the other dated November 10, 1942. The evidence disclosed that the first affidavit which was filed was found to be inadequate and that thereafter another affidvait for publication was prepared and it was upon the complete affidavit for publiction containing all of the elements required that publication was had.

 It is contended by the defendant that the decree which was entered in 1942 should be vacated and set aside on motion made in the trial court at any time after its entry for the reason that it was void and that there was no evidence in the record to support a finding that the court had jurisdiction of the parties and of the subject matter. It is particularly urged that the desertion alleged did not occur within the corporate limits of the City of West Frankfort, and that the city court of West Frankfort was without jurisdiction on the subject matter. In support of this contention the defendant cites the cases of *Werner v. Illinois Cent. R. Co.,* 379 Ill. 559 and *Herb v. Pitcairn,* 384 Ill. 237. This contention proceeds from a construction which we do not believe is sound. The city court of West Frankfort, in common with other city courts, is a court of general jurisdiction (*Herb v. Pitcairn,* 392 Ill. 138; 1945 Ill. Rev. Stat., ch. 37, par. 333 [Jones Ill. Stats. Ann. 108.001]). The evidence discloses clearly that the plaintiff was a resident of the State of Illinois for more than a year before the filing of the complaint and that he was an actual resident of West Frankfort, Illinois for nearly a year before the entry of the decree. The venue was obviously proper and was determined by the resi-

dence of the plaintiff (*McFarlin v. McFarlin,* 384 Ill. 428), and the fact that the original act of desertion may have taken place outside of the State of Illinois did not deprive the plaintiff of the right to file the action in this State under the facts as disclosed by the record.

■■ Another contention which was made by defendant was that the publication notice having been published in the City of Benton, although in the same county, does not give the city court of West Frankfort jurisdiction of the defendant. This contention is, likewise, untenable. The Illinois Act relating to publication provides that the clerk shall cause publication to be made in some newspaper published "in the County where the suit is pending," (ch. 110, par. 138, sec. 14, and ch. 100, par. 4, 1945 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.014, 107.290]). In ch. 37, par. 347, 1945 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 108.017], it is provided that service by publication in city court matters shall be "in accordance with the practice in other civil cases in Courts of Record." There is no basis in the statute or the cases for depriving the city court of West Frankfort of jurisdiction for the reason that publication was had elsewhere in the county than in the City of West Frankfort. The intent of the law has been substantially attained by the publication (*Fienhold v. Babcock,* 275 Ill. 282). The affidavit for publication upon which publication was had was a sufficient compliance with the statute. The fact that an insufficient affidavit had also been filed immediately prior thereto does not invalidate such affidavit which does comply with the requirements of the statute.

We have given consideration to the major points raised in defendant's appeal in this court, even though the court below might have been justified in striking the pleading which was filed without leave of court (*Balulis v. Hooper,* 338 Ill. 21). Without giving consideration to the further fact that the long delay by

defendant in filing the motion was addressed to the discretion of the court, it is apparent that the decree was entered by a court of general jurisdiction and that on the record the decree was not void.

The action of the city court of West Frankfort in granting leave to plaintiff to supply the files with the copies of affidavits for publication and in denying the motion to vacate and set aside the decree, and in striking such motion from the files, was proper. The orders of the city court of West Frankfort are, therefore, affirmed.

*Affirmed.*

STONE, P. J., and BARTLEY, J., concur.