(No. 29730.—

JAMES M. CONRAD, Appellee, *vs.* MARGARET CONRAD, Appellant.

*Opinion filed January 22, 1947.*

Frank E. Trobaugh, and Stephen E. Brondos, both of West Frankfort, for appellant.

Leonard J. Dunn, of West Frankfort, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

By this appeal, appellant seeks to reverse the findings and judgment of the Appellate Court which affirmed an order of the city court of West Frankfort, Illinois. The decree of the city court granted leave to appellee to supply the files with an affidavit, and denied appellant's motion to vacate a decree of divorce entered by that court.

The appellee filed his complaint for divorce on November 10, 1942. Service was had by publication in a newspaper published in Benton, Illinois, situated in the same county in which West Frankfort is located, and on December 27, 1942, a decree was entered by the city court of West Frankfort on the default of appellant. At the hearing, the appellee testified that he had been a resident of the State of Illinois for about fourteen months and that he had lived in the city of West Frankfort a year "since he came back." He further testified that he was married to the appellant in June, 1920, and that she had left him in June, 1934, and that they had not lived together since that time. The decree found that the appellee for more than one year preceding "this date," had been continuously a resident of West Frankfort and the State of Illinois. On June 29, 1945, the appellant filed a verified

motion to vacate and set aside the decree on the ground that the city court of West Frankfort at the time of entering the decree did not have jurisdiction of the person of the plaintiff, jurisdiction of the person of the defendant or jurisdiction of the subject matter of the cause.

The contentions as to jurisdiction of the persons of both the appellant and the appellee were discussed at length in the opinion of the Appellate Court, 329 Ill. App. 33, and we find no error in the holding of that court on these matters.

The appellant contends that the city court of West Frankfort lacked jurisdiction of the subject matter because the desertion did not occur within the city of West Frankfort or even in the State of Illinois, in that the original act of separation took place in Florida and the appellant had never set foot within the State of Illinois. She insists that to enable appellee to obtain a divorce in the city court of West Frankford the original act of leaving must have taken place within the corporate limits of that city and that the appellee must have resided in the city of West Frankfort for a full year subsequent to such act of desertion. In support of this contention, the appellant cites *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559; *Herb* v. *Pitcairn,* 384 Ill. 237; and *Riddlesbarger* v. *Riddlesbarger,* 324 Ill. App. 176.

In *Werner* v. *Illinois Central Railroad Co.* this court held that the city court of East St. Louis was without jurisdiction to try a case where the acts from which the cause of action arose occurred outside the territorial limits of the city of East St. Louis. In the case of *McFarlin* v. *McFarlin,* 384 Ill. 428, we discussed the *Werner case* and said: "In the *Werner case,* the question raised pertained to the jurisdiction of city courts as it might be affected by the place where the cause of action arose. It was held that the court had no jurisdiction for the reason that the cause of action sued upon did not arise

within the city limits of the city in which the court was located. In this case, defendant's attack upon the divorce decree is limited to the question of venue as controlled by plaintiff's residence." In the *Riddlesbarger case,* Fay Riddlesbarger filed a complaint for divorce upon the grounds of desertion and adultery against Rufus Riddlesbarger in the circuit court of Cook county. The complaint alleged that the defendant had obtained a decree of divorce on the ground of desertion in the city court of Aurora but that said decree was void as the city court of Aurora did not have jurisdiction of the subject matter. It appeared that neither the plaintiff nor the defendant had ever resided in the city of Aurora and that no such desertion could have occurred within the territorial limits of that city. On appeal to the Appellate Court, it was held that where there was a want of authority over the subject matter the judgment was open to successful impeachment and that by reason of lack of jurisdiction over the subject matter the divorce in question was void.

In Illinois, in order to secure a decree of divorce for desertion, there must be the original act or beginning of desertion without the fault of the complaining party. Also, to comprise desertion in the State of Illinois the act of living separate and apart must extend and continue for one or more years. (Ill. Rev. Stat. 1945, chap. 40, par. 1.) Section 3 of the same act requires that in order to sue on the ground of desertion the plaintiff must maintain a residence in this State for more than one year during the period the desertion continues unless the offense or injury complained of was committed within this State. Appellant contends that all of these jurisdictional facts must exist while the appellee lived within the territorial limits of the city of West Frankfort before any cause of action arose. This contention is not well founded. To hold that the original act of leaving must occur in this State would deprive *bona fide* residents of this State from having their

causes of action heard by the courts in their own State. In holding that the original act of separation need not have occurred within the confines of the State of Illinois we are not without authority. In *Ashbaugh* v. *Ashbaugh*, 17 Ill. 476, decided under statutes then in force, this court held that where a desertion had occurred outside of this State but had become complete while the defendant resided in this State, the injury entitling the plaintiff to divorce was complete in this State while defendant resided here. The reasoning behind this decision is no more logical than the reasoning requiring a holding that the injury becomes complete during the plaintiff's term of residence in this State. The city court of West Frankfort is a court of general jurisdiction. By our statute the city court has concurrent jurisdiction with the circuit court in all civil cases, both law and chancery, arising in said city. (Ill. Rev. Stat. 1945, chap. 37, par. 333.) In the case at bar, the record discloses that the plaintiff had resided in the State for a period of well over a year before the filing of his complaint. At the time when the complaint was filed, which was subsequent to the time when the year period of desertion in this State became complete, the plaintiff was a resident of the city of West Frankfort and it was at such time and only such time when his cause of action accrued. Inasmuch as appellee was a resident of the city of West Frankfort when the act of desertion became complete in this State, then the cause of action had arisen within the corporate limits of the city of West Frankfort and there was no error in the city court of West Frankfort dismissing the appellant's motion to vacate the decree. It is apparent the case is distinguishable from the holding in the *Riddlesbarger case*. There, neither party had ever resided in the city of Aurora and, therefore, no part of the act of desertion could ever have occurred within that city. In the instant cause, the plaintiff was a *bona fide* resident of West Frankfort and, as testimony in the record

shows, had been a resident of the State of Illinois for more than one year and of the city of West Frankfort for approximately a year prior to the filing of the complaint. ·As was stated in the *McFarlin case,* "in divorce matters venue is determined by the residence of the plaintiff."

We believe the facts disclosed by the ·record clearly comply with the statutes of the State of Illinois for acquiring jurisdiction in a suit for divorce based upon desertion. The judgment of the Appellate Court, affirming the decree of divorce and the orders of the city court of West Frankfort, is affirmed.

*Judgment affirmed.*