JULIA A. FITZGERALD & another *vs.* PORTIA EVELYN
STARRATT, executrix, & another.

Barnstable. January 6, 1953. — April 1, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Divorce,* Foreign divorce, Jurisdiction. *Evidence,* Court record. *Juris-
diction,* Divorce proceedings, Over the person.

At the hearing of a petition by a woman to amend a petition for probate
of a will by inserting therein her name as widow of the testator, the
record of a proceeding in Nevada wherein the testator obtained a
decree of divorce against her, including a power of attorney given by
her to an attorney at law to represent her in the proceeding and a
letter from her to the attorney stating the terms to be included in the
divorce decree, was competent under G. L. (Ter. Ed.) c. 233, § 69,
and U. S. C. (1946 ed.) Sup. IV, Title 28, § 1738. [77–78]
A divorce granted by a Nevada court was valid in Massachusetts not-
withstanding G. L. (Ter. Ed.) c. 208, § 39, where it appeared that after
the parties had been married and domiciled here, the husband brought
the proceeding for divorce in Nevada for a cause for which a divorce
could be granted there but not here, that at the time of the proceeding
he was domiciled there, and that, although the wife remained domiciled
here, the Nevada court acquired jurisdiction over her person by author-
ized acts of her attorney at law, who appeared in the proceeding and
denied the husband's allegations and participated in a trial resulting
in findings of truth of such allegations and in the decree of divorce.
[78–79]

PETITION for proof of the will of Louis R. Wallis, filed in
the Probate Court for the county of Barnstable on Febru-
ary 7, 1951.

A petition by Ella T. Wallis was heard by *Campbell,* J.

*Charles E. Cunningham,* (*Daniel W. Donahue* with him,)
for the respondent executrix.

*Ephraim Martin,* (*Henry W. Hardy* with him,) for the
petitioners.

LUMMUS, J. Louis R. Wallis, late of Bourne, died on
January 31, 1951, leaving as his only heir according to the

petition for the probate of his will, filed on February 7, 1951, his daughter Portia Evelyn Starratt. By his will he gave nothing to Ella T. Wallis. Julia A. Fitzgerald and Old Colony Trust Company were named as executors.

On April 6, 1951, Ella T. Wallis, claiming to be the widow of said Louis R. Wallis, filed a petition to amend the petition for probate of his will by inserting her name as such widow. If she were such widow, she would take a share if the will should be disallowed, or if she should waive its provisions. G. L. (Ter. Ed.) c. 191, § 15. The judge found that she was not such widow, and dismissed her petition on July 11, 1951. She appealed to this court. But she died on December 1, 1951, and her daughter, the executrix of her will, now prosecutes the appeal. The case comes here on a report of the evidence and a finding of the material facts.

Louis R. Wallis and Ella T. Wallis were married in this Commonwealth on January 6, 1894, and lived together, almost wholly in this Commonwealth, until 1914. On November 5, 1914, he brought in the Superior Court at Boston a libel for divorce on the ground of cruel and abusive treatment but it was dismissed on January 31, 1916.

The case turns upon the validity of a decree of divorce obtained by Louis R. Wallis in Nevada in 1938. The judge in the present case in the Probate Court found as follows. On or before May 28, 1938, Louis R. Wallis brought in Washoe County, Nevada, a proceeding for divorce against Ella T. Wallis, who remained domiciled in Massachusetts, alleging that he had been an actual bona fide resident in Nevada for more than the required period of six weeks, and alleging that the parties had lived apart without cohabitation for more than five years, a ground for divorce under the laws of Nevada. On May 25, 1938, Ella T. Wallis executed a power of attorney at Boston, authorizing C. E. Handwright, a lawyer at Reno, Nevada, to appear and act for her in the divorce proceedings, "with full power and authority to exercise and do any and all acts and things that may be exercised and done by an attorney, including

the authority to accept service of complaint and summons and other process in my behalf, to demur, answer or otherwise plead to the complaint, and to waive time for service and filing of findings of fact and conclusions of law and decree, as in the judgment of my said attorney may be best, and as fully to all intents and purposes as I could do if I were present personally." Mr. Handwright entered his appearance for her and filed an answer, denying the allegations made by her husband, including his claim to be a resident of Nevada. At the hearing in Nevada, Mr. Handwright was present, as was Louis R. Wallis, and after a hearing the judge found that all the allegations made by Louis R. Wallis were true. He granted him a divorce on May 28, 1938, and ordered said Louis to pay said Ella $2,000 a year, payable monthly, as well as the premiums on certain life insurance policies on his life under which she was the beneficiary. These orders were obeyed.

In the present case Ella T. Wallis testified that she never employed any attorney and never authorized any attorney to represent her in Nevada. But she was contradicted by the notary public who took her acknowledgment to her signature on the power of attorney to Mr. Handwright. And by a letter to Mr. Handwright, Ella T. Wallis stated the terms to be included in the divorce decree, stated that "Mr. Wallis is privileged to file his cause of action against me on the grounds of living separate and apart with an absence of cohabitation, extending over a period of five years," and stipulated that "You will look to Mr. Wallis for your fee and all expenses." Experts differed in their opinions as to the genuineness of the signature of Ella T. Wallis on the power of attorney, but we find no denial that she signed and sent the letter to Mr. Handwright. In this state of the evidence, there was no error in the finding of the judge in the present case that Ella T. Wallis signed the power of attorney under which Mr. Handwright acted in Nevada.

Ella T. Wallis contended, and the executrix of her will contends, that the judge erred in admitting the record of the divorce case in Nevada, which included the power of

attorney given by her to Mr. Handwright and her letter to
him.  But the evidence appears to have been competent as
part of the "records and judicial proceedings of a court of
another state" (G. L. [Ter. Ed.] c. 233, § 69), and also un-
der the Act of Congress of June 25, 1948, c. 646 (62 U. S.
Sts. at Large, 947, U. S. C. [1946 ed.] Sup. IV, Title 28,
§ 1738).  These writings were also admissible upon the
testimony of the notary public.  If there was any technical
error in the admission of the records of the Nevada court,
the error appears to have been harmless, for the essential
facts were admissible upon the testimony of the notary
public.

It is settled that Nevada had jurisdiction to grant a
divorce in this case provided Louis R. Wallis had a domicil
in that State when he filed his complaint.  *Williams* v.
*North Carolina,* 317 U. S. 287, 298.  *Williams* v. *North
Carolina,* 325 U. S. 226, 229.  *Sherrer* v. *Sherrer,* 334 U. S.
343, 349.  *Johnson* v. *Muelberger,* 340 U. S. 581, 585.  *Bow-
ditch* v. *Bowditch,* 314 Mass. 410, 415.  *Coe* v. *Coe,* 316
Mass. 423, 426–427.  *Heard* v. *Heard,* 323 Mass. 357, 364.
*Shain* v. *Shain,* 324 Mass. 603, 604.  *Royal* v. *Royal,* 324
Mass. 613, 617.  *Welker* v. *Welker,* 325 Mass. 738, 743.  The
Nevada court expressly found that Louis R. Wallis was
domiciled in Nevada when the divorce was sought.  The
judge in the present proceeding found that in the court in
Nevada "evidence was received by the court which estab-
lished the domicil of the late Louis R. Wallis in the State
of Nevada," and found that "the Nevada court wherein the
divorce was granted to said Louis R. Wallis had jurisdic-
tion of the parties and the subject matter of the divorce
granted" and that "said divorce is valid and the said Ella
T. Wallis is not the widow of the deceased."  These find-
ings must stand.  Taken together, we think they amount to
a finding that Louis R. Wallis at the time of the divorce
proceedings was domiciled in Nevada.

The cause for which the Nevada divorce was granted was
not one for which a divorce could be granted here.  Gen-
eral Laws (Ter. Ed.) c. 208, § 39, and its predecessor statutes

provided that "if an inhabitant of this commonwealth goes into another jurisdiction to obtain a divorce for a cause occurring here while the parties resided here, or for a cause *which would not authorize a divorce by the laws of this commonwealth* [emphasis supplied], a divorce so obtained shall be of no force or effect in this commonwealth." But this section has recently been held not to impair the validity of a divorce granted in another State which had jurisdiction of the subject matter and the parties. *Heard* v. *Heard,* 323 Mass. 357, 363–368.

So far as jurisdiction over the person of Ella T. Wallis is concerned, the Nevada court acquired it by the acts of her attorney Mr. Handwright, who, the judge finds, "appeared and participated" in the divorce trial in Nevada, and obtained for her a property settlement embodied in the divorce decree, which settlement was fully satisfied.

The judge was right in entering a decree on July 11, 1951, determining that Ella T. Wallis was not the widow of Louis R. Wallis, and dismissing her petition.

*Decree affirmed.*