Ralph Vernon ROWLEY, Petitioner,

v.

Stuart E. LAMPE, Judge, Chancery Branch, Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Feb. 5, 1960.

Blakey Helm, Louisville, for petitioner.

Homer Parrent, Jr., Louisville, for respondent.

MONTGOMERY, Chief Justice.

Ralph Vernon Rowley, by this action, seeks to prohibit Stuart E. Lampe, Judge, Chancery Branch, Jefferson Circuit Court, from proceeding with the trial of a divorce action. The petition presents the possibility of the absence of jurisdiction and of error for which there would be no appeal should the trial court grant a divorce. KRS 21.060(1) (b).

■■■ The granting of prohibition may not be demanded as a matter of right, but the granting or refusal thereof lies within the sound discretion of this Court. Smith v. Burnett, 300 Ky. 249, 188 S.W.2d 480; Chamblee v. Rose, Ky., 249 S.W.2d 775.

It is not sufficient for the exercise of this extraordinary authority that no appeal lies from the decision of the Chancellor. Rallihan v. Gordon, 176 Ky. 471, 195 S.W. 783. It was early said in Bank Lick Turnpike Company v. Phelps, 81 Ky. 613, 5 Ky.Law Rep. 713, that prohibition will not lie to correct irregularities in judicial proceedings. Schaetzley v. Wright, Ky., 271 S.W. 2d 885.

In Wiglesworth v. Wright, Ky., 269 S.W.2d 263, this Court entertained the proceeding for the purpose of construing CR 26.01 during the transition period from the Civil Code to the Civil Rules. It was pointed out that that case should not be considered as authority for the proposition that every adverse ruling in a divorce case is grounds for granting prohibition. However, where the jurisdiction of a circuit court is questioned and great and irreparable injury might result from the absence of a right to appeal, this Court has entertained a proceeding under Kentucky Constitution Section 110. Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972; Weintraub v. Murphy, Ky., 240 S.W.2d 594.

The interpretation and application of KRS 403.035 are involved. The pertinent part provides:

"The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce:

"(1) A residence in this state for one year next before the commencement of the action; * * *;

"(2) That the cause of divorce occurred or existed in this state, or, if out of this state, either that it was a legal cause of divorce in the state where it occurred or existed or under the provisions of KRS 403.020 and any amendments thereto, or that the plaintiff's residence was then in this state, or that said cause for divorce occurred or existed on any United States army post, military reservation or fort within the State of Kentucky;

"(3) That the cause of divorce occurred or existed within five years next before the commencement of the action."

The question is whether acts and conduct which occurred or existed in Maryland while a husband and wife resided there may be considered, in whole or in part, as grounds for divorce in Kentucky, where such alleged acts and conduct do not constitute grounds for divorce in Maryland. The Chancellor ruled that such grounds may be regarded as, and, in effect, may constitute, legal causes for divorce in this jurisdiction.

Ralph Vernon and Lillian Lamond Rowley were married in Virginia on April 20, 1955. They lived together in Maryland until September 1956, when the wife returned to Kentucky, her original home. The wife alleged that she had been an actual and continuous resident of this state for more than one year and that the grounds for divorce occurred within the five consecutive years next before the commencement of the divorce action. Two requirements of the statute were thus met. KRS 403.035(1) (3). The husband, a resident of Maryland, has not been in Kentucky since the marriage.

The divorce complaint alleged " * * * the grounds herein relied upon for divorce occurred and existed, and now exist, in, and/or out of the State of Kentucky, and they are legal causes of divorce under the provisions of KRS 403.020 and any Amendments thereto, * * *." The grounds alleged are causes for divorce in Kentucky. KRS 403.020(2) (a) and (3) (b). Neither is a ground for divorce in Maryland.

Constructive service was had on the petitioner as defendant in the divorce action. He filed a motion to dismiss the complaint for want of jurisdiction, stating that he, as the defendant, was entitled to have the cause determined according to the laws of Maryland. The motion was overruled, the legal effect of which was to hold that a

decree of divorce could be granted if the allegations were proved.

The petitioner concedes that grounds for divorce under Maryland law may be litigated or enforced in the Kentucky court where other conditions of jurisdiction, such as one year's residence, are met. His position is that acts occurring in Maryland between then residents of Maryland can be grounds for divorce only under Maryland law and that the rights of the parties may not be determined by a Kentucky court under Kentucky law.

The question posed is not novel in the field of American divorce law. The overwhelming majority of jurisdictions has long adhered to the principle that the cause, or causes, for which a divorce may be granted should be determined by the law of the domicile at the time the divorce is sought. Goodrich, Conflict of Laws, 3rd Edition, Section 128, pages 402–404. It is therein stated:

"The domiciliary law may specify grounds for divorce without regard to where the acts of the wrong-doing party were done, or where the husband and wife were domiciled at the time the acts were done."

The question is one of policy for the lawmaking body of the state. It must decide under what circumstances a person, or persons, subject to its control may be released from marital obligations. To the same effect is Leflar, Conflict of Laws, Section 168, page 323, wherein it is said that it is wholly a matter for each state to decide for itself the grounds for divorce, " * * * even when the alleged grounds arose in other states in connection with spouses at the time domiciled in other states." See also Story, Conflict of Laws, Section 329.

An illustrative application of the majority view can be found in the case of Stewart v. Stewart, 32 Idaho 180, 180 P. 165, 166. The wife resided in Idaho at the time she filed her action for divorce. The husband was in Nebraska. The acts complained of occurred in Nebraska and Iowa. A similar factual situation is involved in the instant case. One of the grounds on appeal was that the complaint was defective because it failed to allege that the acts complained of violated the laws of Nebraska or Iowa. The Idaho Supreme Court held this ground to be without merit and said:

"* * * The great weight of authority, and the better reasoning, supports the rule that each state has an absolute right to prescribe what acts constitute grounds for divorce, and the fact that the act or acts which constitute the grounds for divorce arose in another state, where the parties were at the time domiciled, is no bar to the jurisdiction of the courts to grant a divorce, if the complaining spouse has acquired a bona fide domicile, by residence for the period required by law, within the state where the action is brought, whether the act or acts complained of were grounds for divorce in the state where committed or not. * * *."

For cases in accord with this principle, see Torlonia v. Torlonia, 108 Conn. 292, 142 A. 843; Wilcox v. Wilcox, 10 Ind. 436; Rose v. Rose, 132 Minn. 340, 156 N.W. 664; Jones v. Jones, 67 Miss. 195, 6 So. 712; Ditson v. Ditson, 4 R.I. 87; Hubbell v. Hubbell, 3 Wis. 662, 62 Am.Dec. 702; Shreck v. Shreck, 32 Tex. 578, 5 Am.Rep. 251; Fitzgerald v. Starratt, 330 Mass. 75, 111 N.E.2d 682; Zieper v. Zieper, 14 N.J. 551, 103 A.2d 366; Conrad v. Conrad, 329 Ill.App. 33, 66 N.E.2d 738; Poulicakos v. Poulicakos, 94 N.H. 233, 50 A.2d 429; Ische v. Ische, 252 Wis. 250, 31 N.W.2d 607, 32 N.W.2d 70. For a fuller discussion on the subject, see Nelson, Divorce, Volume 2, Section 21.12, page 632, and Volume 3, Section 33.02, page 425; 17 Am.Jur., Divorce and Separation, Section 33, page 279; 11 Am.Jur., Conflict of Laws, Section 16, page 315.

The rationale is:

> "The state of a person's domicil has the greatest interest in his marital status and therefore has judicial jurisdiction to give him a divorce. The same considerations which permit a state to grant a divorce to or from its domiciliary make it appropriate for it to apply its local law to determine the grounds upon which the divorce shall be granted. The local law of the forum governs the right to divorce not because it is the place where the action is brought but because of the peculiar interest which a state has in the marriage status of its domiciliaries."

Restatement of the Law, Second, Conflict of Laws, Tentative Draft No. 4, Section 135, pages 124 and 125.

■ The theory behind the majority view, that a state has the right to grant a divorce under its laws, was explained in Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654. In that case, the court approved the right of a territorial legislature to dissolve the marriage of one of its residents whose spouse had remained in another state. It was said, in effect, that the state had absolute jurisdiction over the institution of marriage. The rights and obligations of a marriage do not depend upon an agreement between the parties but upon the law of the domiciliary state, because the institution is one of society which is regulated by public authority.

Kentucky formerly applied a contrary view. According to an 1891 decision, the courts of Kentucky had no jurisdiction under the statute then in effect to grant a divorce where the grounds arose outside the state, unless (1) the complaining party had an actual residence in Kentucky at the time of the doing of the act, or (2) the act itself was a ground of divorce in the state where committed. Perzel v. Perzel, 91 Ky. 634, 15 S.W. 658. See also Maguire v. Maguire, 7 Dana 181, 37 Ky. 181. The Perzel case concerned a husband with no fixed domicile who departed from New York for Europe and whose wife returned to Kentucky and continuously resided here without support from her absent husband. It was held that his intention to abandon his wife was not formed in New York upon his departure but upon her return to Kentucky. (This case is noted in 42 A.B.A. Journal 222, 295, wherein the minority view is espoused.)

The Kentucky divorce laws were subjected to major changes in 1940 with the avowed purpose "to simplify and modernize divorce procedure and to relieve against inequalities in the application thereof to citizens of this Commonwealth." Kentucky Acts 1940, Chapter 96, page 386. Since one of the purposes in the changes of 1940 was to relieve against inequities in the application of the old statute to citizens of Kentucky, it would be reasonable to assume that the lawmakers intended to incorporate the prevailing view embraced by the majority of other jurisdictions. However, in the amendment to KRS 403.035, the language employed was such as to create a question as to the true legislative intent. Reference to the statute heretofore quoted reveals that it deals with the required allegations and proof necessary to be established in addition to the proof of the cause of divorce.

■ The trouble spot is in the clause "or that the plaintiff's residence was then in this state." If this clause is construed literally it is meaningless, because it is phrased as an alternative to what precedes it, which it simply is not and cannot logically be. The only way the clause can be given any meaning is by substituting "and" in place of "or" and then construing the clause as a restriction or condition attached only to the last of the three preceding clauses. We would be authorized to do that if there was something about the statute as a whole, or in its history, to indicate that the legislature so intended. But we do not find anything to show such legislative intent. It is our opinion that the clause in question

must be treated as what on its face it appears to be; namely, nothing more than a meaningless, errant clause that crept into the amended statute by inadvertence.

 Under this construction of the statute, if conduct occurring in another state is not a legal cause for divorce in that state but is a legal cause for divorce in Kentucky, it is not necessary, in order for a divorce to be granted in Kentucky, that the plaintiff have been a resident of Kentucky at the time the conduct occurred. This is in substance the holding of the circuit court, and it is correct. There is no basis for the exercise of this Court's power under Kentucky Constitution Section 110. Murphy v. Thomas, Ky., 296 S.W.2d 469; Childers . v. Stephenson, Ky., 320 S.W.2d 797.

Relief is denied.